[No. 7739.]

LOTH v. LOTH'S ESTATE..

DIVORCE—*Foreign Marriage within the Year*—A woman residing in Colorado is divorced, the decree expressly prohibiting re-marriage within a year, save to the divorced husband. Within the year she resorts to the territory of New Mexico and is there united in marriage with a citizen of Colorado, not the former husband. The marriage being lawful in New Mexico, is lawful in Colorado.

*Error to Denver County Court.*—Hon. JOHN R. DIXON, Judge.

Mr. PAUL DE LANEY and Mr. JAMES A. HARRIS, °for plaintiff in error.

Mr. ROBERT H. KANE, for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

Carl L. Loth departed this life at the city and county of Denver about September the 1st, 1911; he was possessed of certain real and personal property situate in said county. Upon September 18th, following, Alice G. Loth filed her petition in the county court setting forth the matters above stated, with the further facts that she was his wife and sole and only heir at law, upon account of which she prayed that letters of administration be granted to her. This petition was resisted by a sister of the deceased, under the claim that the petitioner was not the widow of the deceased, that she was never legally married to him. The court denied the petition of the alleged wife and appointed Henry B. Teller as administrator. The wife brings the case here for review upon error.

If the plaintiff in error was the lawful wife of the deceased (no other objection having been presented), it is agreed that she was entitled to the appointment; if not, the order of the court was correct. The record discloses, that the plaintiff in error was formerly the wife of Daniel B. Hayne; that on June 16th, 1911, while she was a resident of Denver, she was granted a decree of divorce from Hayne by the county court of said county; that no application has ever been made to set the decree aside. This decree is absolute in form, and is not shown to be irregular or void. It contains the usual clause concerning re-marriage within a year, as follows, "That until the expiration of the full period of one year from after the day of the date hereof, neither of said parties be permitted to re-marry to any other person." Thereafter, upon July 21st following, the plaintiff in error and Carl L. Loth, since deceased, (while both were residents of Colorado) at the county of San Juan in the territory of New Mexico, secured a marriage license, and were married in full conformity with the laws of that territory. The sole question necessary for determination is the validity of the marriage contract entered into in New Mexico within one year from the date of

the decree of divorce dissolving the bonds of matrimony theretofore existing between the plaintiff in error and her first husband. Its determination depends upon the construction of section 2122, Revised Statutes of 1908, and its effect upon marriage contracts in another state (recognized as valid there) when considered in connection with section 4165 of said statutes.

This identical question was recently passed upon by our court of appeals in case No. 3591, *Adam H. Griswold v. Hattie E. Griswold,* wherein for the reasons stated it was held that such a marriage was valid in this state. We have given that opinion careful consideration and have reached the conclusion that it states the correct rule upon the subject; we add our approval thereto; the reasoning and conclusion are applicable here. We think it unnecessary to add anything to the reasons given; they cover the question in its entirety. It follows that the marriage contract solemnized in New Mexico is valid, in this state upon account of which plaintiff in error was the lawful wife of the deceased at the time of his death and should have been appointed administratrix of his estate.

The judgment is reversed and the cause remanded with instructions that the former administrator be discharged and that the plaintiff in error be appointed administratrix of said estate.                                                     *Reversed.*

Decision *en banc.*