ABRAHAM LEVY *vs.* EVELYN DOWNING.

Middlesex. November 13, 1912. — January 28, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Marriage and Divorce. Superior Court.*

Where a statute of another State provides that "any marriage contracted by a person below the age of consent . . . may in the discretion of" a certain court of that State "be annulled at the suit of the party who at the time of contracting such marriage was below the age of consent," a marriage contracted in that State between parties, one of whom was below the age of consent, if it is not in violation of R. L. c. 151, §§ 1–5, is valid here until it has been annulled by the State where it was solemnized, and the Superior Court of this Commonwealth has no jurisdiction of a petition for annulment of such a marriage.

PETITION filed on September 13, 1911, for annulment of marriage.

In the Superior Court the case was heard by *Dana,* J. It appeared that the petitioner and the respondent, for the purpose of evading the marriage laws of this Commonwealth (not including, however, any of the provisions of R. L. c. 151, §§ 1–5), proceeded to Nashua in the State of New Hampshire, and there applied for a license to marry, both parties making false statements of their ages for the purpose of inducing the city clerk to issue to them the marriage license required by the laws of the State of New Hampshire; that on the same day, after obtaining such a license, they were joined in marriage at Nashua by a justice of the peace authorized to solemnize marriages, and returned to this Commonwealth to their respective homes; that the petitioner at the date of the marriage was under the age of eighteen years,

and the respondent was of about the same age; that the marriage was without the consent of the parents of either party, that the parents were living in this Commonwealth, had custody of the parties to the marriage as minors, and were competent to act; that the parties had at no time cohabited, and that neither of them at any time had confirmed the marriage.

The statute of New Hampshire applicable to the case is quoted in the opinion.

The judge ruled that as a matter of law the Superior Court was without jurisdiction of the case and ordered that the petition be dismissed. At the request of the petitioner he reported the case for determination by this court.

*W. Charak,* for the petitioner.

No counsel appeared for the respondent.

HAMMOND, J. "That a marriage, valid by the laws of the place where it is celebrated, is valid in this State, on grounds of public policy, though the parties went into another State merely to evade the laws of the State, is established in the cases of *Medway* v. *Needham,* 16 Mass. 157; *West Cambridge* v. *Lexington,* 1 Pick. 506; *Putnam* v. *Putnam,* 8 Pick. 433; *Sutton* v. *Warren,* 10 Met. 451." Dewey, J., in *Commonwealth* v. *Hunt,* 4 Cush. 49. See also *Commonwealth* v. *Lane,* 113 Mass. 458, and cases therein cited for a general discussion of the subject. By statute in this Commonwealth certain cases have been freed from the operation of this rule, and in those specified cases the marriage is void in this Commonwealth, "if the parties, both being resident here and intending to return and reside here," go into a foreign State in order to evade the provisions of our statute, "and there have the marriage solemnized, and return and reside here." R. L. c. 151, §§ 1–5, both inclusive, and § 10. The present case does not come within these statutes, and therefore is governed by the general law.

The question of the validity of the marriage must be decided by the law of New Hampshire. In the absence of proof to the contrary the common law of that State must be regarded as the same as in this State. The only statute of that State material to this inquiry is St. 1907, c. 80, § 2, which is as follows: "The age of consent shall be in the male eighteen years and in the female sixteen years. Any marriage contracted by a person below the age of consent" with certain exceptions not here material, "may in the

discretion of the Superior Court be annulled at the suit of the party who at the time of contracting such marriage was below the age of consent, unless such party after arriving at such age shall have confirmed the marriage." Under that law this marriage was solemnized, and by that law must the question of its validity be determined. It is plain that under it the marriage is not void, but must stand until and unless the Superior Court of that State in the exercise of its discretion sees fit to annul it. The Superior Court of this State rightly held that it had not the power to grant to the petitioner the relief prayed for.

*Petition dismissed without prejudice.*