[No. 8606.]

CROUSE ET AL. v. WHEELER.

CONTEMPT—*Marriage in Another Jurisdiction*, and lawful under the laws thereof, of one divorced by the courts of this state, is lawful here, and is not a contempt of the court awarding the divorce. (52.)

*Error to Elbert County Court.* Hon. FRANK S. TURNER, Judge.

Messrs. HILLIARD, LILYARD & FINNICUM, for plaintiffs in error.

Mr. J. W. MULLAHEY, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court.

On the 8th day of October, 1914, the defendant in error, Roy C. Wheeler, in an action pending in the County Court of Elbert County, was granted a decree of absolute divorce from his wife Bertha Wheeler, one of the plaintiffs in error here. Afterward and on the 28th day of October, 1914, the said Bertha Wheeler was married to Harry Crouse, one of the plaintiffs in error, within the state of New Mexico.

Upon the application of Roy C. Wheeler, both of the plaintiffs in error were cited before the said County Court for contempt of court, the charge being their marriage as aforesaid—alleged as constituting the contempt charged.

Upon the 15th day of February, 1915, and upon hearing the court found both plaintiffs in error guilty of contempt, and assessed a fine against each in the sum of twenty-five dollars and costs, but suspended the fine in each case upon the payment of costs. This proceeding is to review such judgment.

It was admitted that the marriage in New Mexico was lawful under the laws of that state, and it has been held by this court that the marriage in such a case being lawful in the state where it was performed is lawful in Colorado. *Griswold v. Griswold,* 23 Colo. App. 365; *Loth v. Loth's Estate,* 54 Colo. 200.

It is not contempt of court to do that which is expressly permitted as lawful act, and not in the presence, nor disobedience, of any order of court.

The judgment is reversed and cause remanded with directions to dismiss the contempt proceedings.

GABBERT, C. J., and GARRIGUES, J., concur.