## No. 10,364.

### BAUER v. ABRAHAMS.

Decided June 4, 1923. Rehearing denied July 2, 1923.

Action for medical services rendered wife of defendant. Judgment for plaintiff.

### Affirmed.

1. DIVORCE—*Statutes—Construction.* Under the provisions of the Kansas divorce act (G. S. 1915), when a decree is rendered, the

parties are absolutely and at once divorced. The provision that the decree does not become absolute until the expiration of six months from the date of judgment, has no extraterritorial effect, and a marriage contracted by one of the parties within the six months in a foreign state, must be recognized as valid.

2. HUSBAND AND WIFE—*Duty of Husband.* At common law the duty of the husband is to support and maintain the wife while they are living together, and also while living apart if the separation is caused by the fault of the husband.

3. APPEAL AND ERROR—*Sufficiency of Pleadings and Evidence.* In an action against a husband for medical services rendered the wife, the pleadings and evidence are held sufficient to justify a judgment for plaintiff.

*Error to the District Court of Las Animas County, Hon. A. C. McChesney, Judge.*

Mr. JESSE STEPHENSON, for plaintiff in error.

Mr. FRANK H. HALL, for defendant in error.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THIS suit was brought in the district court by the defendant in error, H. E. Abrahams, as plaintiff, against the plaintiff in error, George Bauer and Mrs. George Bauer, as defendants, to recover on five separate causes of action. The parties will be designated here as in the court below. The plaintiff for his first cause of action alleges: "I. That the defendants are, and at all times mentioned herein were lawfully married and were husband and wife. II. That during the months of August, September and October, A. D. 1921, the plaintiff did, at the special instance and request of the defendant, Mrs. George Bauer, render to said defendant medical services and attention of the value of $260.00; that said services and attention were necessary for the preservation of the life and health of said defendant and constitute a family expense." The other allegations of the first cause of action are merely formal. The remaining four causes of action were couched in the same language as the first except that they were based upon

claims assigned to the plaintiff.   The answer of the defendant George Bauer put in issue all the allegations of the complaint.   The defendant, Mrs. George Bauer, although personally served with summons, entered no appearance and judgment went against her by default.   The case as to the defendant George Bauer was tried to the court without a jury resulting in findings and judgment for plaintiff, and defendant brings the case here for review.

The record discloses this state of facts:   The defendant, Mrs. George Bauer, was formerly the wife of one Robison to whom she was married July 14, 1920.   On the 18th day of January, 1921, in Ford county, Kansas, she was divorced from Robison and the decree bore that date.   As we think portions of the decree are material to the issues involved in this controversy, we quote them as follows:

"It is therefore considered, ordered, and adjudged by the court that the plaintiff, Mary E. Robison, be and she is hereby divorced from the defendant; that the marriage relation heretofore existing between the plaintiff and defendant is hereby set aside and dissolved; that the plaintiff be and she is hereby restored to her maiden name of Mary E. Dowling;   *   *   *   This decree shall not become absolute until the expiration of six months from this date."

On the 25th day of January, 1921, at Raton, New Mexico, she married the defendant George Bauer.   After their marriage they went to Del Norte where they lived together as husband and wife until about the 4th of April, when, on account of ill health the defendant, George Bauer, advised Mrs. Bauer to go to the Mayos at Rochester, Minnesota, for an operation, if one should be found necessary, which she did, and he gave her money for that purpose.   Mrs. Bauer did not see defendant George Bauer again until in June.   In the meantime he had commenced suit against her to set aside a deed and bill of sale which he had previously executed and delivered to her.   Upon the trial Mrs. Bauer testified:

"I had been served with some kind of a notice about a legal suit.   I went back and told him I could not have the

operation. Doctors advised I would eventually have to be operated for cancer. I brought my trunk and he says, 'You can't stay here'. I went directly from there to Cleveland and was under doctor's care there. I came back to Trinidad about the 1st of September. Mr. Bauer made no provision for my support after April 4th, only the money he gave me when I was leaving. I wrote him and he refused to support me. Dr. Abrahams performed an operation for cancer and removed my left breast. The bill was $260 and I have not paid it. Mr. Bauer refused to pay it. The defendant George Bauer and I have not been divorced and there has never been any legal proceedings to dissolve the marriage relation."

On cross examination she further testified:

"I packed my trunk and went back to live with him. I found out he had instituted a suit to cancel the deed and bill of sale."

The evidence given by Mrs. Bauer was not contradicted. Two questions are presented for our determination: 1. Was the marriage solemnized between the defendants in New Mexico valid and were they, at the times mentioned in the complaint, husband and wife? 2. If they were husband and wife, at the times mentioned in the complaint, were the allegations of the complaint, and the evidence, sufficient to sustain the judgment in favor of the plaintiff?

The defendant contends that the divorce decree in Kansas did not take effect until six months after January 18, 1921, and that during the six months Robison and defendant Mrs. George Bauer were husband and wife and therefore the marriage of the defendants on the 25th day of January, 1921, was invalid, and that the relation of husband and wife never existed between them. We think a proper interpretation of the decree in the Robison case and of the Kansas statutes in force at the time the decree was rendered does not support the defendant's contention.

From the statute we quote: "Sec. 7582. A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both, * * * Ev-

ery judgment of divorcement granted by a district court shall be final and conclusive, unless appealed from within the time and in the manner herein provided."

. The remainder of section 7582 provides for notice of appeal to be given within ten days from the rendition of the judgment and for proceedings in error which must be prosecuted within four months from the date of the decree, if the appeal notice has been given, and further providing that a person marrying contrary to the provisions of this section shall be deemed guilty of bigamy and the marriage be absolutely void. Section 7583 provides a punishment for bigamy. Section 7584 reads: "Every decree of divorce shall recite the day and date when the judgment was rendered in the cause, and that the decree does not become absolute and take effect until the expiration of six months from said time."

Section 7584 properly construed means only that the decree shall recite, among other things, that the decree does not become absolute and take effect until the expiration of six months from its date. Only one limitation or restriction is noted in section 7582, i. e., that it shall be unlawful for either party to the suit to marry any other person within six months from the date of the decree and the recitation last mentioned in section 7584 refers only to that limitation.

When the decree is rendered the parties are absolutely, and at once, divorced and the marriage relation dissolved, as the provisions of the act plainly show. This construction harmonizes the different provisions of the act, while any other interpretation would produce an irreconcilable conflict. These sections of the statute have been construed by the supreme court of Kansas, and also by the supreme court of Oklahoma, where the statute is identical with the Kansas statute. *Durland v. Durland*, 67 Kan. 734, 74 Pac. 274, 63 L. R. A. 959; *In re Smith*, 2 Okl. 153, 37 Pac. 1099. These cases support our conclusion. Burch, J., speaking for the supreme court of Kansas, in commenting on section 7582 said:

"Since, however, one ignorant of the law might be misled by unqualified recitals in a divorce decree and be induced by them to yield to a relation believed to be marriage, but in fact utterly void, it was deemed proper that the decree itself should state the day and date of its rendition and express the restriction which the law imposes upon the privilege of the parties for the ensuing six months. A formula for doing this is prescribed by section 8 (7584), which relates to the duties of the clerk in making up the record. Only one such restriction, however, is created. That is found in section 6 (7582), and obliges the parties to refrain from marriage. As to that matter the decree does not become absolute or take effect until six months shall elapse, but since the parties are repressed in respect to no other prerogative, every other result of a complete dissolution of the marriage follows at once. That section 8 (7584) relates merely to the language in which the decree is to be couched instead of being an affirmative declaration that the decree shall have no effect during the six months immediately following its rendition, is apparent from another consideration. If, by virtue of section 8 (7584), the decree did not dissolve the marriage, and the parties continued to be husband and wife for six months, a marriage by either of them with another person within that period would be unlawful and punishable as bigamy without any of the provisions of sections 6 (7582) and 7 (7583)."

In the *Smith* case, the supreme court of Oklahoma, commenting upon the same sections of the statute, used this language:

"The sections providing for appeals in divorce cases, and for making the decree recite the fact that the divorce does not become absolute and take effect until the expiration of six months from the date of the rendition of the judgment, must be considered to apply only to that portion of § 4551 (7582) which relates to appeals and remarrying within six months following the date upon which the divorce is granted. Taking this view, that part of § 4551 (7582)

which makes the judgment of divorcement final and conclusive, is in entire harmony with all the other provisions of the statute regulating divorce proceedings."

It has been held in this jurisdiction that the statute prohibiting remarriage within one year from the date of divorce has no extraterritorial effect.

*Loth v. Loth's Estate,* 54 Colo. 200, 129 Pac. 827; *Griswold v. Griswold,* 23 Colo. App. 365, 129 Pac. 560.

Inasmuch as this restriction on the right to marry within six months could have no extraterritorial force, we conclude that the marriage contracted by the Bauers in New Mexico, January 25, 1921, was valid where contracted, and being so, must be recognized as valid everywhere, and that at the times mentioned in the complaint the relation of husband and wife existed between them. Plaintiff admits that neither the allegation of his complaint nor the evidence in the case entitles him to recover under the statute, but that he must resort to the common law for his right of recovery. The defendant George Bauer contends that the complaint is insufficient as a common law declaration, and that even if it is sufficient, the proof does not establish any common law liability. There is no question but that at common law the duty of the husband is to support and maintain the wife while they are living together as husband and wife, and also while they are living separate and apart, if the separation is caused by the fault of the husband.

In 21 Cyc. 1224, it is said: "So if the wife returns to her husband, or is willing to return, and without sufficient cause he refuses to receive her he is liable for her necessaries from such time."

Also 21 Cyc. 1225: "If through the fault of the husband, such as his cruelty, violence, or other acts such as would entitle her to a divorce, the wife is living apart from her husband, or where he has driven her away or has abandoned her, without making suitable provision for her, she may pledge his credit for her support, and he is liable for the same."

Whether the husband or the wife in the instant case was

responsible for the separation was a question of fact for the court to determine and we think the evidence was sufficient to justify the court's findings. The complaint was sufficient and contained the necessary allegations of defendant's common law liability. If it contained other averments they should be regarded as surplusage.

Finding no error in the record the judgment is affirmed.