## No. 16,314.

PAYNE, A MINOR *v.* PAYNE.
(214 P. [2d] 495)

Decided January 23, 1950.

Mr. D. E. JOHNSON, for plaintiff in error.

Mr. HOWARD M. SCHMIDT, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

BURLEIGH PAYNE, a minor, appearing by his natural guardian and next friend, Inez Payne, plaintiff in error here, brought an action in the district court for annulment of his marriage to Frankie Payne, defendant below, defendant in error here, who answered the complaint and filed a counterclaim seeking a divorce. The trial was to the court and resulted in a dismissal of both the complaint and counterclaim. Plaintiff in error is here by writ of error, seeking a reversal of the judgment.

It is alleged in the complaint that Burleigh Payne is now, and for a number of years past has been, a resident of Baca county, Colorado; that on the 3rd day of April, 1948, he and defendant entered into a ceremonial marriage at Dalhart, Texas, and immediately returned to Baca county, Colorado, where they thereafter resided with plaintiff's mother, Inez Payne, until the 27th day of April, 1949, when defendant left their said residence, and has since resided elsewhere in said Baca county. It is further alleged that a child was born as a result of the marriage; at the time of the filing of the complaint said child was approximately six months of age; that plaintiff was seventeen years of age on August 5, 1948,

and at the time of the filing of the complaint, defendant was nineteen years of age; also it is alleged that defendant was neglectful of her household duties and permitted plaintiff's mother to assume the care of the minor child. Plaintiff prays that the custody of said minor child be awarded to him.

Upon the filing of the complaint, and upon the hearing of a motion for temporary custody of the minor child, custody was awarded to defendant subject to the rights of the plaintiff and his mother to visit it at reasonable hours.

In the answer defendant admits her residence and marriage between plaintiff and herself as alleged in the complaint; denies that she left defendant without cause; admits her age as alleged, and denies all other allegations in the complaint. For a counterclaim defendant alleges the marriage as set forth in plaintiff's complaint and the residence of the parties for more than a year in said Baca county; admits the stated age of the infant child; alleges that plaintiff has been guilty of extreme and repeated acts of cruelty toward her; and that plaintiff has property and is capable of providing for, and supporting, defendant and his minor child. She prays for an absolute decree of divorce, temporary and permanent support money, attorney fees, permanent custody of the child, and an equitable division of property.

In the answer to the counterclaim plaintiff denies generally the allegations thereof. Plaintiff filed a motion to strike the counterclaim, and a motion for judgment on the pleadings, both of which were denied.

In determining the questions presented, the trial court said:

"With reference to the annulment, it appears to the Court that both counsel overlooked an important point in that phase of the case. The marriage was a Texas contract and not a Colorado contract and therefore the validity of the marriage should be determined by the law of the State in which it was performed. The evi-

dence shows that the mother consented to this marriage —her son testified to that. Yes, she testified herself that she gave her consent without reservation. I believe the marriage is valid. In addition to that, I believe the marriage was only voidable in Colorado—not void. The Court doesn't feel that an annulment should be granted in this case and an annulment [is] denied.

"With reference to the cross complaint for divorce, with reference to the charges of extreme and repeated cruelty, the Court does not feel that the Defendant has substantiated the charges. There has been some evidence of cruelty in this case, but so trivial and so small the Court is surprised they deem it serious enough for divorce. * * *"

The court entered its decree of which the following is a part:

"It is hereby ordered, adjudged, and decreed: That the Plaintiff's Complaint for annulment be denied. That the Defendant's counter-claim for divorce be denied. That until further order of the Court, the care and custody of said minor child, Alvin Leroy Payne, is awarded the Defendant, Frankie Payne, subject to visitation privileges at reasonable times and places by the Plaintiff, Burleigh Payne, and his mother, Inez Payne.

"That the Plaintiff, Burleigh Payne, be granted the right, if he so desires, of taking the said minor child, Alvin Leroy Payne, for a full twenty-four (24) hour period once every two (2) weeks.

"That the Plaintiff, Burleigh Payne, shall pay the Defendant, Frankie Payne, for maintenance of said minor in her custody, the sum of fifty dollars ($50.00), together with any actual medical expenses incurred by the Defendant, Frankie Payne, on account of the minor child. That these payments shall be made to the Clerk of the District Court, the first payment to be made on the 15th day of June, 1949, and subsequent payments to be made on the 15th day of each month thereafter."

The undisputed evidence discloses that plaintiff was

over the age of sixteen years at the time of his marriage in Texas on April 3, 1948, and that his mother was present at the ceremony and gave her consent thereto. Under the statutes of Texas, entitled "Consent of Parent or Guardian," we find the following: "No clerk shall issue a [marriage] license without the consent of the parent or guardian of the parties applying, if there be a guardian. Such consent may be given in person, or in writing signed and acknowledged by said parent or guardian before an officer authorized to take acknowledgments, unless the parties so applying are, in the case of the male twenty-one years of age, and in case of the female eighteen years of age. * * * " Vernon's Civil Statutes of Texas, p. 484, Art. 4605.

We hold that under the evidence in the case the marriage between plaintiff and defendant, occurring in Dalhart, Texas, on April 3, 1948, was a valid marriage. We find that in Texas, "The marriage relation may be dissolved where the causes alleged therefor shall be natural or incurable impotency of body at the time of entering into the marriage contract, or any other impediment that renders such contract void, and the court may decree the marriage to be null and void." Vernon's Civil Statutes of Texas, p. 619, Art. 4628.

The statute of Colorado under which plaintiff seeks annulment in this jurisdiction is to be found in chapter 56, '35 C.S.A., in the following sections: "33. All marriages wherein either party is under the age of eighteen years, are hereby declared to be voidable. 34. Actions for annulment may be maintained upon the following grounds: (a) Upon the ground set forth in the preceding section hereof, providing the party seeking such annulment is under the age of nineteen years at the time of the institution of the suit; (b) In such other cases as are recognized in equity."

Section 4, chapter 107, '35 C.S.A., reads: "All marriages contracted without this state, which shall be valid by the laws of the country in which the same

were contracted, shall be valid in all courts within this state; provided, nothing in this section shall be construed so as to allow bigamy or polygamy in this state."

Under section 4, supra, we have repeatedly held that a marriage contracted in a jurisdiction other than Colorado, which was valid under the laws of the jurisdiction in which it was performed, is a valid marriage. *Griswold v. Griswold,* 23 Colo. App. 365, 129 Pac. 560; *Loth v. Loth's Estate,* 54 Colo. 200, 129 Pac. 827; *Crouse v. Wheeler,* 62 Colo. 51, 158 Pac. 1100; *Bauer v. Abrahams,* 73 Colo. 509, 216 Pac. 259. In the instant case, as we have stated, the marriage between the parties here was valid in Texas; consequently, under section 4, chapter 107, '35 C.S.A., as well as decisions of our court, the marriage being valid in Texas, we hold it to be so in Colorado. We appreciate the difference between actions for divorce and annulment, the former being based on a valid marriage and a cause of divorce arising postnuptially, while the latter pre-supposes and is based entirely upon the assumption that by reason of some legal impediment the parties were incapable of contracting a valid marriage. In other words, in the latter case, because of the legal impediment, the attempted marriage is void ab initio.

It is not necessary for us to determine whether, under the evidence, our district court had jurisdiction to rule on the question of annulment or whether the district court in Texas had the sole and exclusive jurisdiction to make the determination. Upon this question there is a great diversity of authority, some courts holding that a suit for the annulment must be brought in the jurisdiction where the ceremonial marriage was performed, while others fix the jurisdiction for annulment on the basis of the domicile of the parties or one of them. *Levy v. Downing,* 213 Mass. 334, 100 N.E. 638; *Murphy v. Murphy,* 249 Mass. 552, 144 N.E. 394; *Levy v. Levy,* 309 Mass. 230, 34 N.E. (2d) 650; *McDade v. McDade* (Texas), 16 S.W. (2d) 304; *Garcia v. Garcia,* 25 S. D.

645, 127 N.W. 586; *Dodds v. Pittsburgh, M. & B. Rys. Co.*, 107 Pa. Sup. Ct. 20, 162 Atl. 486; *Davis v. Davis*, 119 Conn. 194, 175 Atl. 574; Jurisdiction to Annul a Marriage, 32 Harvard Law Review, 806; Restatement of the Law—Conflict of Laws, §115, chapter 4; 55 C.J.S., p. 929, §52; 35 Am. Jur., p. 224, §67; 2 Schouler, Marriage, Divorce, Separation, and Domestic Relations (6th ed.), p. 1412, §153, et seq.

Our study persuades us that irrespective of whether the action is brought in the jurisdiction where the marriage ceremony was performed or in that where the parties, or one thereof, is domiciled at the time of the commencement of the annulment action, nevertheless, in such an action, with exceptions not necessary to note here, the marriage contract is held to be valid or void, according to the statutes in force and effect in the jurisdiction where the same was entered into, and if, according to these statutes, it is found to be valid, it must be, with exceptions not necessary here to note, so considered in all other jurisdictions, notwithstanding the fact that under the statutes of another jurisdiction the marriage might be voidable or even void. *Dodds v. Pittsburgh, M. & B. Rys. Co., supra; Davis v. Davis, supra; Storf v. Papalia*, 24 N. J. Misc. 145, 46 Atl. (2d) 907; *Inhabitants of Cummington v. Inhabitants of Belchertown*, 149 Mass. 223, 21 N.E. 435; *Levy v. Downing, supra; Hanson v. Hanson*, 287 Mass. 154, 191 N.E. 673; *Levy v. Levy, supra;* 35 Am. Jur., p. 283, §168; Restatement of the Law—Conflict of Laws, p. 203, §136; 127 A.L.R., p. 437.

█ Under the facts and circumstances here disclosed by the record, the marriage between plaintiff and defendants was valid under the laws of the state of Texas, and, that being the case, under section 4, supra, it is valid in the state of Colorado, and the trial court correctly construed the applicable law and dismissed the annulment action.

 : █ . Sections 33 and 34, supra, are applicable only

where the marriage occurs in this jurisdiction; they have no extra-territorial application.

We have read the entire record and agree with the trial court's finding that there was no evidence sufficient to entitle defendant to a decree of divorce on her counterclaim.

■ ■ The court, having dismissed the annulment action and counterclaim for divorce, it had no jurisdiction to award the custody of the minor child of the parties to either thereof, nor had it jurisdiction to enter any decree requiring plaintiff to pay any sum whatever for the support of the minor child of the parties hereto so long as the marital status of these parties exists. Under the facts and circumstances here appearing, the dependency and custody of the minor child is within the exclusive jurisdiction of the juvenile court or district court, under applicable statutes.

It is, therefore, ordered that that part of the decree entered by the trial court herein, awarding the custody of the minor child of the parties to defendant, and that part requiring plaintiff to make monthly support payments to the defendant for the support of the minor child, be entirely expunged therefrom; in all other respects the judgment of the trial court is affirmed.