Opinion by
Mr. Justice Groves.
This proceeding arises out of a divorce action brought by the wife. The parties appear here in the same order as in the trial court and are referred to as plaintiff and defendant. The alleged error relates to the division of property and the award of alimony and attorneys’ fees to the plaintiff. We affirm.
The divorce action was commenced less than six months after the marriage. At the time of the marriage the plaintiff had assets of a value approximating $37,000, a substantial portion of which was invested in savings accounts. Following the divorce her monthly income included $99 in Social Security benefits, and $182 from insurance on the life of her deceased husband, plus $199 in Social Security and $53 Veterans Administration benefits for her children. At all material times the defendant had assets amounting to approximately $200,000 in value and received a salary of $2,000 a month.
The court awarded the plaintiff temporary alimony in the amount of $500 per month, which award remained in effect until the order here considered was entered. After the hearing on property division, alimony and attorneys’ fees, the court ordered the defendant to pay the plaintiff the sum of $4,756. This, the court found, restored the plaintiff substantially to the same asset position she had occupied prior to the marriage. It further found that her ability to support herself was substantially the same as it had been prior to the marriage.
The court ordered the defendant to pay alimony of $50 a month for one year in order “to aid and assist the plaintiff in readjusting herself to her former unmarried state,” and to pay her attorneys’ fees to the extent of $800. The court found that the award of attorneys’ fees was “fair and equitable to equalize whatever disparity *565 might have existed, by virtue of the situation in life of the parties respectively....”
The plaintiff’s principal contention is that the court erred in finding that a monetary gift made by the defendant’s parents was a gift to the defendant rather than to the plaintiff. Prior to the marriage the defendant’s father executed two checks payable to the plaintiff in the respective amounts of $6,000 and $5,000. The defendant’s parents specified that the proceeds were to be applied towards the purchase of a home to be occupied by the parties, and the money was so applied. After executing the checks the father gave them to the defendant, who presented them to the plaintiff. The plaintiff endorsed the checks to the defendant and returned them to him. The defendant’s father testified that he made the checks payable to the plaintiff on the advice of his accountant, who apparently thought that this might cause a saving of gift tax. (The gift of $11,000 was later declared to the taxing authorities as having been made to the defendant.)
The court found that this was a gift by the defendant’s parents to the defendant and that the plaintiff was not entitled to any portion of the $11,000 in the property division. The testimony was in conflict, but there was ample evidence to support the finding of the trial court as to the intent with respect to the gifts, and we should not and will not disturb that finding.
 The amount of the award of alimony and attorneys’ fees was within the sound discretion of the trial court. We find no abuse of discretion. See Smith v. Smith, 172 Colo. 516, 474 P.2d 619; Stovall v. Crosby, 171 Colo. 70, 464 P.2d 868 (1970); and Moats v. Moats, 168 Colo. 120, 450 P.2d 64 (1969).
Judgment affirmed.
Mr. Justice Hodges, Mr. Justice Kelley and Mr. Justice Lee concur.