504 P.2d 358 (1972)
Daniel A. LARRABEE, Plaintiff-Appellant,
v.
Edna Irene LARRABEE, Defendant-Appellee.
No. 71-440.
Colorado Court of Appeals, Div. I.
December 5, 1972.
*359 Taussig, McCarthy & Snyder, John Whitehouse Cobb, Peter Rogers, Boulder, for plaintiff-appellant.
Robert R. Kayne, Boulder, for defendant-appellee.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
In this action each of the parties was granted a divorce. Under the decree, the wife was awarded monthly alimony and attorney fees, the personal property was divided between the parties, and all of their interests in real property was awarded to the wife. Plaintiff husband appeals from that part of the decree which awarded the real property to the wife. We affirm the judgment of the trial court.
The real property, consisting of three parcels, is situated in the State of Texas, and was unimproved ranch or farm land. One parcel was given to the wife, by her grandfather, prior to her marriage. The other two parcels were gifts from the wife's mother, evidenced by deeds which conveyed the property to "Burt A. Nichols and wife, Patsy Ray Nichols, and Edna Irene Larrabee and husband, Daniel A. Larrabee." Burt A. Nichols is the brother of the defendant wife. It is undisputed that these gifts were made for the purpose of reducing the mother's estate and were motivated by tax considerations. Coincidentally with the delivery of the deeds the four grantees executed notes payable to the wife's mother, secured by deeds of trust on the land conveyed, payable in annual installments. As each installment became due the mother forgave the obligation. At the time of the entry of the decree there was still a balance due on the notes.
The court, in awarding these parcels to the wife, directed that the husband execute deeds conveying all his interest therein to the wife and that the deeds be delivered to the clerk of the court, to be held by him pending determination of any appeal. The husband contends that the court abused its discretion in awarding the real property to the wife and, further, that the court was without jurisdiction to enter an order affecting title to real property located in Texas.
In determining the proper division of property in a divorce action many factors must be considered, including how the property was acquired, the financial situation of the parties, their participation in enhancing and preserving its value, and all other pertinent circumstances. See Liggett v. Liggett, 152 Colo. 110, 380 P.2d 673; Traynor v. Traynor, 146 Colo. 70, 360 P.2d 431. The husband was on active duty *360 as a petty officer in the navy during the five year duration of the marriage. The court found that his participation, if any, in the management of the land given to the wife prior to the marriage was adequately compensated by the income received therefrom. The court further found that the gift from the wife's mother was intended primarily as a gift to her own children and that the husband was not entitled to retain any interest in the land. Under the circumstances of this case, the award of the property to the wife, based on these findings was not an abuse of discretion. See Cohan v. Cohan, 172 Colo. 563, 474 P.2d 792.
The husband also asserts the court abused its discretion in awarding the real property to the wife without having first determined its value. However, before value becomes important the court must first determine whether the property is subject to division. See Gelfond v. District Court, Colo., 504 P.2d 673 (announced October 30, 1972).
The record substantiates the rulings of the trial court and discloses no abuse of discretion. Cohan v. Cohan, supra.
The trial court did not exceed its jurisdiction in requiring the husband to execute and deliver deeds conveying his interest in the property to the wife. It has generally been held that a divorce court in one state does not have the power directly to affect, by means of its decree, the title to real property situated in another state. Fall v. Eastin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65. However, where, as here, the decree itself does not operate as a conveyance, but was wholly an in personam decree requiring that a party under the court's jurisdiction execute the conveyance, the court did not exceed its jurisdiction. McElreath v. McElreath, 162 Tex. 190, 345 S.W.2d 722; Mallette v. Scheerer, 164 Wis. 415, 160 N.W. 182. See Annot., 34 A.L.R.3rd 962.
Judgment affirmed.
PIERCE and SMITH, JJ., concur.