538 P.2d 114 (1975)
In re the MARRIAGE OF Charlotte M. BLIETZ, Petitioner-Appellee,
David Blietz, Respondent-Appellant.
No. 74-481.
Colorado Court of Appeals, Div. I.
June 24, 1975.
*115 Mann & Flair, Roger N. Flair, Boulder, for petitioner-appellee.
Robert T. Page, Arthur M. Schwartz, P. C., Denver, for respondent-appellant.
COYTE, Judge.
Respondent seeks review of a decree declaring the invalidity of his marriage to petitioner and the property division entered in accordance with that decree. We affirm.
The parties were married in September 1972, and separated in June 1973, when wife filed a petition for declaration of invalidity of the marriage or, in the alternative, for dissolution of the marriage. The marriage, though short, was stormy. Both parties had been married before and had children from these marriages. Petitioner-wife brought into the marriage substantial assets which she had accumulated prior to her marriage to respondent. These included eighty acres of land near Allenspark, Colorado, $8,000 worth of corporate stock, and a large savings account. Just before this marriage, she sold her home in Illinois and purchased a home in her name for the new family in Hygiene, Colorado. At the time of the marriage, respondent husband *116 had just undergone proceedings in bankruptcy but had approximately $5,000 equity in his home in Greeley and owned some horses.
During the course of the marriage, there were many arguments over property. To alleviate some of the difficulties of the parties in this area, the wife placed title to the Allenspark land in joint tenancy with the husband. An Appaloosa colt was purchased with the wife's money and they both contributed to the purchase of a 1973 pickup truck. The title to both was placed solely in the husband's name. There was conflicting testimony as to why this was done. In early 1973, the wife created a trust for the benefit of her children with her brother as trustee in which she placed the Hygiene home. There was a conflict in the evidence as to the amount of contribution by each party for the support of the new family.
The case was referred to a referee who recommended that the Allenspark land, the Appaloosa colt, the Hygiene house, the savings account, and the stock be declared "non-marital property" and that they be retained by the wife. Subsequently, the court entered a decree of invalidity of the marriage, and accepted the recommendations of the referee as to the treatment of the property. The husband was awarded the Greeley house, his horses and other personal property. Only the pickup truck was found to be marital property and it was divided with the parties' interests as 64% of its value to wife and 36% to husband.
Respondent, prior to the court ruling, stated that he had no objection to either a declaration of invalidity or a dissolution of marriage. However, on motion for new trial and in this court, he asserts error by the court in entering a decree of declaration of invalidity rather than a dissolution of marriage. A declaration of invalidity of marriage under § 14-10-111, C. R.S. 1973, is the new terminology for a decree of annulment. See C.R.S. 1963, 46-3-1 et seq. As such, it is statutory and applies to marriages which are void or voidable ab initio. Payne v. Payne, 121 Colo. 212, 214 P.2d 495; Young v. Colorado National Bank, 148 Colo. 104, 365 P.2d 701.
In this case, wife relied upon § 14-10-111(1) (d), C.R.S. 1973, which directs the court to find invalidity if: "One party entered into the marriage in reliance upon a fraudulent act or representation of the other party, which fraudulent act or representation goes to the essence of the marriage." The referee concluded from the respondent's actions that he had entered into the marriage for material gain and not for love of the wife. The court adopted these findings, and determined that because of "fraudulent misrepresentations of Respondent to the Petitioner concerning matters going to the very essence of the marriage," the marriage was invalid. We find no abuse of discretion by the trial court in declaring the marriage invalid.
Husband next asserts that the court erred in declaring certain property to be non-marital and in giving it to the wife. Division of property in a declaration of invalidity is governed by the same statutes as in a dissolution of marriage. Section 14-10-111(6) and 113, C.R.S. 1973 (1971 Perm.Supp., C.R.S. 1963, 46-1-11 and 13). Division of property is a matter within the sound discretion of the trial court. Nunemacher v. Nunemacher, 132 Colo. 300, 287 P.2d 662; Thompson v. Thompson, 30 Colo.App. 57, 489 P.2d 1062. And the court is to take into consideration the non-monetary contributions of one party to the acquisition of property, Larrabee v. Larrabee, 31 Colo.App. 493, 504 P.2d 358; Thompson v. Thompson, supra.
Here, the court determined on conflicting evidence that wife contributed most of the funds from assets acquired before marriage, that respondent contributed little either monetarily or by effort to the sale of the Illinois house, the upkeep of the colt, and the maintenance of the Allenspark land, *117 and that he was adequately compensated for any of his contributions by his wife's support during the marriage. There was no abuse of discretion in these findings. See Larrabee v. Larrabee, supra.
Additionally, § 14-10-113(3), C. R.S. 1973 (1971) Perm.Supp., C.R.S. 1963, 46-1-13(3)), makes it clear that the fact that title to the Allenspark land was in joint tenancy is not determinative of its status as marital property, and there is substantial evidence in the record to support the determination of the trial court that the statutory presumption of marital property was overcome. The evidence negated any presumption of a gift by the creation of the joint tenancy, see Moncrief v. Moncrief, Colo.App., 535 P.2d 1137, (announced May 20, 1975) ; rather, the wife testified that the husband exerted great pressure upon her in order to have her transfer the title to the property into joint tenancy. The evidence supports the finding of the court that all property awarded to the wife was acquired with the wife's funds and was not marital property.
Husband contends that the court was prejudiced against him in making the division of property because of the admission of evidence as to his marital misconduct and fault. However, we note that at the outset of the hearing before the referee, the respondent agreed to the admission of such evidence on the issue of invalidity of the marriage. The findings and conclusions of the court clearly separate the issues of the invalidity of the marriage and the property division and the findings of the trial court are all supported by the evidence. There is no showing that the finding by the court of fault on the part of the husband influenced the division of property.
Judgment affirmed.
PIERCE and BERMAN, JJ., concur.