Martha Lee BERRY,
Plaintiff-Respondent,

v.

John Wesley BERRY,
Defendant-Appellant.

Nos. 43656, 43497.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 18, 1981.

Randall S. Parker, St. Louis, for defendant-appellant.

Sherwood R. Volkman, St. Louis, for plaintiff-respondent.

REINHARD, Judge.

This is a dissolution proceeding in which the court dissolved the marriage, found all the property to be marital property, set off specific property to the parties, including two houses in the state of Florida, and allowed wife attorneys' fees and court costs. The dissolution decree specifically provided:

"2. Whereas, the Court has found that real property commonly known as 2302 Hunter Street, Fort Myers, Florida, is the marital property of the parties, valued at $30,000, and the Court sets aside to the respondent, John W. Berry, all right, title, interest, and estate, in fee simple in said property.

3. Whereas, the Court has found that the real property commonly known as 2308 Hunter Street, Fort Myers, Florida, is the martial property of the parties, valued at $40,000 and hereby awards to petitioner all right, title, interest and estate in fee simple in said property.

4. Parties are directed to sign all deeds to effectuate the divisions of property set forth in 2 and 3."

From this judgment, the husband appeals. We affirm.

Husband first contends that the court erred in proceeding in this case. He claims the court lacked jurisdiction because neither of the parties had "been a resident of this state ... for ninety days next preceding the commencement of the proceeding...." Section 452.305, subd. 1(1), RSMo 1978.

■ The principles of law pertaining to residency are well established. Residency in the state in conformity with this statute is a jurisdictional fact which must be pleaded and proved. *Scotton v. Scotton*, 359 S.W.2d 501, 507 (Mo.App.1962).

Here, wife's petition, filed on June 7, 1979, alleged that she had been "a resident of the County of St. Louis, Missouri for more than 90 days next preceding the filing of this petition" and that her husband "resides at 2308 Hunter Avenue, Fort Myers, Florida."

Husband filed a motion to dismiss her petition asking that the petition be dismissed because she failed to meet the residency requirements of the statute, in that she had filed a petition for divorce in Florida on April 13, 1979, which had an attached affidavit alleging that she had been a resident of Florida for more than six months next preceding the filing of the petition. The court overruled husband's motion. He then filed an answer in which he prayed that the marriage should be dissolved and that "the Court ... make such distribution of the assets and property of the parties as the Court shall find to be just and equitable ...."

The court proceeded to trial with the parties stipulating subsequently that the court had jurisdiction.

Initially, we recognize that the parties' stipulation as to jurisdiction did not confer jurisdiction on the trial court. *Bradley v. Bradley*, 295 S.W.2d 592, 596 (Mo.App.1956). Further, the wife's statement of residency contained in her Florida affidavit was not a binding judicial admission, and constituted only an admission against interest to be considered by the trial court along with the other evidence. *May v. May*, 294 S.W.2d 627, 634 (Mo.App.1956).

Here, the evidence revealed that the parties were married in the State of Missouri in 1954. They owned real property in Missouri and Florida. Husband admitted that they resided in Missouri most of their married life. The Missouri home was sold in 1978 and the parties moved to one of their Florida homes in September, 1978. Wife testified that she separated from her husband in April, 1979. She claimed that she signed the affidavit attached to the Florida divorce petition because she wanted a quick divorce. She further claimed that she had always been a Missouri resident, and did not intend to abandon that residence. She went to Florida only for the winter, and had always intended to return.

Confronted with conflicting evidence as to wife's residency, the trial court resolved that factual issue in favor of the wife. Under the facts and circumstances involved, we believe the court's determination that it had jurisdiction is supported by the evidence.

Husband next contends that the court lacked jurisdiction to dispose of the real estate located in Florida. He relies on three cases to support his contention. However, none of the cases are in point.

In the case of *In re Marriage of Breen*, 560 S.W.2d 358 (Mo.App.1977), the husband who was a resident of Missouri, filed a petition for dissolution of the marriage against his non-resident wife. He obtained service on his wife by publication. The marital property was located in Missouri. The trial court held that it had no jurisdiction over the property. The Missouri Court of Appeals, for the Western District, reversed, holding that since the marital property was located in Missouri, the trial court had jurisdiction in rem over it.

In *Chenoweth v. Chenoweth*, 575 S.W.2d 871 (Mo.App.1978), the Western District reaffirmed its position in *In re Marriage of Breen, supra*, by holding that in a suit by a Missouri resident against a non-resident, a Missouri trial court had jurisdiction in rem to reopen the case to divide marital property located in Missouri.

Husband relies principally on the case of *Ferrari v. Ferrari*, 585 S.W.2d 546 (Mo.App. 1979). There, the husband was a resident of Missouri and filed a petition for dissolution of the marriage. We stated that since the trial court had not obtained personal jurisdiction over the non-resident wife, it lacked jurisdiction to enter orders pertaining to division of the marital property located outside the state of Missouri.

Husband ignores substantial authority supporting the court's jurisdiction to dispose of the Florida property.

Section 452.330, subd. 1, RSMo 1978, in pertinent part, provides:

"1. In a proceeding for ... dissolution of the marriage ..., the court ... shall divide the marital property in such proportions as the court deems just after considering all relevant factors ...."

Here, both parties were before the court and both parties requested a division of the marital property. Not only did the court have the right to apportion the marital property, it also had the duty to do so.

Further, it has been generally held that where a court has personal jurisdiction over the parties in a divorce proceeding, and the marital property is situated in another state, the court does not exceed its jurisdiction by requiring in the decree that a party execute and deliver a deed conveying his interest in the property to the other party. *Larrabee v. Larrabee*, 31 Colo.App. 493, 504 P.2d 358, 360 (1972); and *Estabrook v. Wise*, 506 S.W.2d 248, 253 (Tex.Civ.App. 1974).

The Western District has recognized this principle by directing a Missouri trial court

which had personal jurisdiction over the parties in a dissolution proceeding to modify the dissolution decree which the trial court had previously entered, by including an order in the decree directing the husband to convey to the wife all his right, title and interest in marital property located in Arizona. *See, Singleton v. Singleton*, 525 S.W.2d 642, 653 (Mo.App.1975).

In the case before us, the decree set aside to wife marital property and to the husband marital property located in Florida, but then directed the parties to sign all deeds to effectuate the division of property. Clearly, the trial court had the jurisdiction to dispose of the marital property located in Florida in this manner. Husband's contention is without merit.

■ Husband next contends that the court awarded to the wife a disproportionate amount of the total marital property. It appears that approximately 60% of the marital property was awarded to wife.

Section 452.330, subd. 1, RSMo 1978, sets out factors which are to be considered by the trial court in dividing the marital property. A review of the evidence as applied to these factors reveals that the court's order as to the distribution of the marital property is supported by substantial evidence and is not against the weight of the evidence. Neither does it erroneously declare nor apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

There was no error, as husband contends, in the court's allowance of attorneys' fees pending appeal, even though the request was made after the filing of the notice of appeal. *See Brucker v. Brucker*, 607 S.W.2d 444 (Mo.App.1980).

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.