**George A. PODSCHUN, Respondent,**

**v.**

**Eleanor M. RICE, et al., Appellant.**

**No. WD 40850.**

Missouri Court of Appeals,
Western District.

April 4, 1989.

Rehearing Denied May 30, 1989.

Stephen V. Crain, James A. Fluker, Kansas City, for appellant.

Thomas C. Capps, Liberty, for respondent.

Before MANFORD, P.J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

The dispute here is between ex-spouses and is over real estate acquired during the marriage. George Podschun (George) filed suit to quiet title, § 527.150, RSMo 1986. Eleanor M. Rice (Eleanor) and her present husband countered with an action to partition. Rule 96.01. The trial court's adjudging fee simple ownership in George and holding against Eleanor or her suit, resulted in Eleanor's appeal.

George and Eleanor were married in March, 1953. They bought the property in

question, a home in Liberty, in September, 1962, for $14,000, paying one percent down and financing the balance through Farm and Home Savings. They lived in the home until July of 1963 when Eleanor left for Colorado. George remained in the house. Eleanor filed for and on July 8, 1964 was granted a divorce in Colorado. Her petition had stated each party was to retain property in his or her possession. The Colorado decree did not mention this house nor did it require either side to execute a deed but contained language "that each party retained whatever property is in his respective possession." Eleanor's divorce attorney wrote to George saying she was willing to let George, "have the property providing he pays the balance on same." Eleanor testified the reason the house was never mentioned in the Colorado action was because she assumed there would be a foreclosure. In August of that year George moved from the house and hired a real estate agent to manage and rent the house. Since then the rents have equaled the $135 mortgage payments and cost of repairs.

Eleanor had not paid anything or done anything with regard to the house since July, 1963. In 1970 and 1972 George unsuccessfully sought Eleanor's signature on a quit claim deed. She responded to his first letter saying she would not sign, but wanted to know why the $1 listed as consideration was not attached. The trial court order of June 13, 1988 noted the property had no equity value at the time of the Colorado decree, but had a market value at the time of trial of $53,650. It held because of Eleanor and her present husband's failure to contribute to the expenses of the property for well over 20 years they were estopped from asserting a claim on the property. The court also relied on pre and post divorce statements by Eleanor that the house was his in addition to George's reliance on the Colorado action also estopped Eleanor from asserting any interest in the property. The order also declared the Colorado decree was entitled to full faith and credit and had conveyed title to George.

George did not seriously contend at argument in this court that the Colorado judgment passed title to him, in fact both sides agree the Colorado action could not and did not effectively pass title to Missouri realty. That being the case, following the divorce, George and Eleanor held legal title as tenants in common. *McIntyre v. McIntyre*, 377 S.W.2d 421, 426 (Mo.1964). *See also Berry v. Berry*, 620 S.W.2d 456 (Mo.App.1981).

Eleanor contends the trial court misapplied the law by finding a quiet title action proper and by not awarding her some monetary sum, including attorney's fees on her partition suit.

Obviously the facts here are somewhat unusual. George's suit to quiet title was started some 23 years after the separation and 22 years after the divorce. Since the separation Eleanor had not seen or attempted to obtain possession—she has allowed George possession and control of the house. In this court she now asks for an accounting from George. This request first surfaced in a brief filed by her after trial, so it will not be considered.

Eleanor's contention of the quiet title suit being inappropriate for a tenancy in common ownership following a dissolution is without authority, and is not well taken. Normally partition would be an appropriate remedy, but that is not to say that here George's remedy was not correct, nor that the court's conclusion Eleanor was estopped to recover anything was anything but correct.

The following language from *Prouse v. Schmidt*, 156 S.W.2d 919, 921 (Mo.1941), is pertinent:

> There is no doubt but that the title to real estate, or personal property, may pass by an equitable estoppel and that one's silence when he is under a duty to speak may be such conduct as to create an estoppel divesting him of his ownership.... The doctrine has often been applied when the owner knowingly stands by and permits another, in ignorance and in good faith, to make advancements or improvements on the owner's land or purchase it at a sale.

Before such an estoppel arises, however, certain well-defined facts or grounds must appear. They have repeatedly been stated and a mere repetition of them here will demonstrate that the appellant's proof fails to bring her within them. "(1) There must be conduct—acts, language, or silence—amounting to a representation or a concealment of material facts. (2) These facts must be known to the party estopped at the time of his said conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him. (3) The truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel, at the time when such conduct was done, and at the time when it was acted upon by him. (4) The conduct must be done with the intention, or at least expectation, that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon. (5) The conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it. (6) He must in fact act upon it in such a manner as to change his position for the worse." (Citations omitted.)

A suit to quiet title is a special statutory action under § 527.150, *supra,* and is an action at law or in equity as presented by the pleadings. *La Presto v. La Presto,* 308 S.W.2d 724, 726 (Mo.1957); *Pipes v. Sevier,* 694 S.W.2d 918, 923 (Mo.App.1985).

▪ The facts here formed the basis for an equitable estoppel to vest title to the land with George. *Jefferson Savings & Loan Association v. Aguado,* 425 S.W.2d 200, 203 (Mo.1968). The application of equitable estoppel is to prevent a gross injustice. *Jones v. Linder,* 247 S.W.2d 817, 819–20 (Mo.1952). Again, the peculiar facts here, and the amount of time that passed from Eleanor's departure including her knowledge of his payments and upkeep of the property based on the Colorado order and here previous letters to George make such an application of equitable estoppel and title in George appropriate. *Southgate Bank and Trust Co. v. May,*

696 S.W.2d 515, 521 (Mo.App.1985). The equities and conduct of the parties here support equitable estoppel as relied on by the trial court. *Stenger v. Great Southern Savings & Loan Association,* 677 S.W.2d 376, 383 (Mo.App.1984). It might have been said Eleanor's conduct also amounted to a waiver—the intentional relinquishment of a known right, which could be implied from her failure to protect any legal interest she had in the land. *Shapiro v. Shapiro,* 701 S.W.2d 205, 206 (Mo.App.1985); *Steinberg v. Fleischer,* 706 S.W.2d 901, 905 (Mo.App.1986).

Under any theory or denomination of action by George or Eleanor, the result here is correct. The trial court had before it Eleanor's partition suit, and determined to give her nothing. So, even if relief were limited to partition, a hearing on remand would show George having maintained the property since July of 1963 without any contribution from Eleanor, thus negating any monetary recovery by her. Had this been a suit under § 452.330 to dispose of marital property following a dissolution where a trial court did not have jurisdiction to have disposed of the property, the results would have been the same. *See State ex rel. McClintock v. Black,* 608 S.W.2d 405 (Mo. banc 1980).

The partition suit of Eleanor's having been ruled against her, she was not entitled to fees or costs.

The judgment is in all respects affirmed.