In re the MARRIAGE OF Virginia
W. WARD, Appellee,

and

J. Clarke BAKER, Jr., Appellant.

No. 07CA0294.

Colorado Court of Appeals,
Div. I.

April 3, 2008.

Cooper, Tanis, Fuller & Cohen, P.C.,
Leonard D. Tanis, Broomfield, Colorado, for
Appellee.

G. William Beardslee, Fort Collins, Colorado, for Appellant.

Opinion by Judge MÁRQUEZ.*

In this post-dissolution matter, J. Clarke Baker, Jr. (father) appeals the trial court's order awarding him approximately forty percent of the attorney fees he requested and denying his request to assess fees against opposing counsel. We affirm in part, reverse in part, and remand for further proceedings.

A decree dissolving father's marriage to Virginia Ward (mother) was entered in New York in 1980, and father was ordered to pay child support for the parties' four children. Mother later moved to Colorado.

In November 2003, mother filed an ex parte verified entry of support judgment in Colorado seeking $203,246.30 in arrearages and interest against father, alleging that he failed to pay two judgments entered in 1984. The trial court entered judgment against father in the requested amount, and a writ of garnishment issued.

In November 2004, father filed a motion requesting that the court delay execution on the judgment, claiming that he had complied with all child support obligations and that the Colorado judgment conflicted with orders that had been entered in New York vacating the 1984 judgments. Also in November 2004, mother filed a motion to stay all proceedings based on her receipt of child support payment records from New York that placed the amount of her 2003 judgment in question. The court granted a stay of the proceedings.

In May 2006, after further investigation, mother moved to dismiss and vacate the 2003 judgment because the New York proceedings indicated that only a small amount of child support remained unpaid. Pursuant to C.R.C.P. 11 and sections 13–17–102 and –103, C.R.S.2007, father requested attorney fees and costs totaling $49,087.47 that he incurred in defending against the judgment. Mother objected on grounds the charges for attorney fees were excessive and certain costs lacked proof.

The court, after a hearing, found that mother's claims were not supported by credible evidence, were substantially groundless, and lacked substantial justification, and awarded father attorney fees and costs in the amount of $21,280.96 against mother. The court declined to award fees charged by father's New York counsel because it did not have jurisdiction to award fees for work performed in a separate case in a foreign jurisdiction. The court held that father should seek fees related to his New York case in New York. It supplemented its order to clarify that it was vacating all previous judgments against father.

I.

Father first contends that the court erred in not awarding him the total amount of his attorney fees. We agree in part.

■ The determination of what constitutes reasonable attorney fees is a question of fact for the trial court and will not be disturbed on appeal unless it is patently erroneous and unsupported by the evidence. Am. Water Dev., Inc. v. City of Alamosa, 874 P.2d 352, 386 (Colo.1994); Yaekle v. Andrews, 169 P.3d 196, 201 (Colo.App.2007) (cert. granted on other grounds Oct. 9, 2007); Brody v. Hellman, 167 P.3d 192, 198 (Colo.App.2007). Thus, we review the reasonableness of the amount of attorney fees awarded by the trial court under an abuse of discretion standard. Brody, 167 P.3d at 198.

In determining the amount of attorney fees awarded under section 13–17–102, the court shall exercise its sound discretion in applying the eight factors listed in section 13–17–103(1)(a) through (h), C.R.S.2007. § 13–17–103(1), C.R.S.2007; see also Ruffing v. Lincicome, 737 P.2d 440, 441 (Colo.App. 1987).

■ A party does not have an absolute right to all attorney fees incurred, but rather is entitled only to reasonable attorney fees in an amount which the court, in its discretion, deems just. See Ruffing, 737 P.2d at 442. A court may consider a party's actions in response to a frivolous claim and may limit the

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

amount of fees if it finds that a party did not take reasonable measures in response to the claim. *See id.; see also Bd. of County Comm'rs v. Kraft Bldg. Contractors*, 122 P.3d 1019, 1023 (Colo.App.2005) (implicit in the reasonableness requirement is a duty on the part of the party seeking fees to mitigate those fees).

### A. Colorado Fees

■ The court awarded fees here pursuant to section 13–17–102, and considered in detail each of the factors in section 13–17–103(1) in determining the amount of the award. Because the trial court properly considered the statutory factors in section 13–17–103(1), we conclude the trial court did not abuse its discretion. *See Lockett v. Garrett*, 1 P.3d 206, 212–13 (Colo.App.1999).

The court reduced the amount of father's attorney fee recovery because it found that his billing statements indicated "an inordinately large amount of effort" spent after mother voluntarily requested dismissal of her judgment and that this matter "should have required far less effort and time" after mother agreed to a dismissal.

Father argues that because the court ordered a hearing on the issue of fees, it should have awarded the fees incurred to prepare for that hearing. While such fees have generally been allowed, *see Little v. Fellman*, 837 P.2d 197, 204 (Colo.App.1991), *overruled on other grounds by In re Marriage of Aldrich*, 945 P.2d 1370 (Colo.1997); *Schmidt Constr. Co. v. Becker–Johnson Corp.*, 817 P.2d 625, 627 (Colo.App.1991), the court was within its discretion in limiting the amount of father's fees based on its finding that less time and effort should have been spent. *See Am. Water Dev., Inc.*, 874 P.2d at 388 ("[h]aving participated in each stage of the proceeding, the trial judge was capable of understanding what was reasonably expended in attorney fees").

### B. New York Fees

■ The court also declined to award father any fees for his New York counsel, finding that it did "not have jurisdiction to award fees for work performed in a separate case in a foreign jurisdiction." Father argues that because he had to prove that he did not owe child support in New York, he was forced to expend fees in New York and should be allowed to recover those fees. We conclude the court had jurisdiction and should have considered whether to award such fees.

Colorado courts have awarded costs to a Colorado party for work that was done by attorneys in another state, *see Cherry Creek Sch. Dist. No. 5 v. Voelker*, 859 P.2d 805, 808–09 (Colo.1993) (court concluded it had inherent and discretionary authority to award the costs of taking out-of-state depositions), and have directed parties over whom they had jurisdiction to convey out-of-state property, *Larrabee v. Larrabee*, 31 Colo.App. 493, 504 P.2d 358, 360 (1972) (trial court did not exceed its jurisdiction in requiring husband to execute and deliver deeds conveying his interest in Texas property to the wife); *see also Kerns v. Kerns*, 53 P.3d 1157, 1164 (Colo.2002) (an out-of-state party may place a lis pendens on Colorado property).

In *Bursum v. Bursum*, 136 N.M. 584, 102 P.3d 651, 655–56 (App.2004), the New Mexico Court of Appeals held that the district court incorrectly concluded that it should not consider attorney fees incurred in California on the ground that California was the proper forum to award those fees in the custody case. Having personal jurisdiction over both wife and husband and subject matter jurisdiction over the division of their property, the New Mexico court was the proper forum for the issue.

We agree with the rationale of the New Mexico court and conclude that the case must be remanded for consideration of father's request for the New York attorney fees.

### II.

■ Father also contends that the court should have awarded attorney fees, pursuant to C.R.C.P. 11, against both mother and her counsel. We disagree.

An award of attorney fees under C.R.C.P. 11, like an award under section 13–17–102, is discretionary with the trial court and will not

be overturned on appeal absent an abuse of that discretion. *E–470 Pub. Highway Auth. v. Jagow,* 30 P.3d 798, 805 (Colo.App.2001), *aff'd,* 49 P.3d 1151 (Colo.2002).

C.R.C.P. 11 provides that the signature of an attorney on a pleading constitutes certification by the attorney that to the best of the attorney's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose. C.R.C.P. 11(a). If the court finds that a pleading was signed in violation of the rule, the court shall impose upon the party, the attorney, or both an appropriate sanction, which may include an order to pay the other party's reasonable expenses incurred because of the filing of the pleading, including attorney fees. *Id.*

Reasonable attorney fees shall not be assessed, however, if, after filing, a voluntary dismissal or withdrawal is filed as to any claim within a reasonable time after the attorney or party filing the pleading knew, or reasonably should have known, that he or she would not prevail on the claim. *Id.*

The trial court here found that mother's counsel acted quickly upon learning that the amount of the 2003 judgment might not be valid by filing a motion to stay the proceedings pending further investigation, and then, once that investigation revealed that mother's claims were unfounded, moving to voluntarily dismiss the judgment. Thus, no fees were awarded against mother's counsel. That decision is not an abuse of discretion and is supported by the record. *See In re Trupp,* 92 P.3d 923, 932 (Colo.2004).

The order declining to award attorney fees to father for work done by his New York attorney is reversed, and the case is remanded for further proceedings on this issue. The remainder of the order is affirmed.

RUSSEL and ROMÁN, JJ., concur.