[No. 4710.]

NEANDER v. NEANDER.

1. **Divorce—Evidence—Verdict—Appellate Practice.**

In an action for divorce the verdict of the jury upon conflicting evidence is conclusive upon the appellate court where there was sufficient evidence to sustain the verdict.

2. **Divorce—Alimony.**

It is not the law that alimony must be given to the wife in all cases of divorce, but only in those cases where, from all the circumstances, it is equitable to do so.

3. **Same.**

Where a wife left her husband in a few months after their marriage and refused to return although importuned to do so, and in an action by her for divorce the jury found that her charges were unfounded and that her conduct entitled the husband to a divorce upon his cross-complaint, she was not entitled to a divorce.

4. **Same—Evidence—Practice.**

It was not error for the court to refuse to hear evidence upon an application for permanent alimony where all the evidence sought to be introduced upon the application had been heard by the court in the trial for divorce.

*Appeal from the District Court of The City and County of Denver.*
*Hon. P. L. Palmer, Judge.*

Mr. N. Q. TANQUARY, for appellant.

Mr. JOHN A. DEWEESE, for appellee.

Mr. JUSTICE GODDARD delivered the opinion of the court:

Action for divorce. The appellant filed her complaint on December 27, 1902, charging the appellee with various acts of cruelty, and alleging that she is without resources of her own, and that appellee was the owner of considerable real estate, and was earning a salary of about $100 a month by his trade as a printer. She prayed for a divorce and temporary and permanent alimony. The appellee, by his answer, denied the alleged acts of cruelty, and, by a cross-complaint, charged appellant with acts of cruelty; that she had visited immoral and disreputable places, and that, on one occasion, she remained over night with immoral associates, and that she had committed adultery with a person named in the cross-complaint and other persons whose names were unknown to him. He also charged that his marriage with her was the result of a conspiracy between appellant and her mother, and such conspiracy was entered into for the purpose of extorting money from him.

Appellant, in her replication, denied the allegations of cruel treatment and the other charges in the cross-complaint. The cause was tried to a jury on January 28, 1903, which resulted in a verdict in favor of appellee upon both the complaint and cross-complaint. On January 31, 1903, a motion for a new trial was filed. On February 7, 1903, the motion for a new trial was overruled, and on the same day appellant filed her petition for allowance of permanent alimony, and offered to prove the allegations of her complaint to establish her right thereto. This petition was denied, and a decree entered upon the verdict. From this decree and the judgment for costs this appeal is prosecuted.

The testimony is conflicting. Appellee positively denies all specific charges of cruelty set out in the complaint and testified to by appellant. He is corroborated by other witnesses with opportunities to observe his actions and general conduct towards her. The evidence in support of the charges set out in the cross-complaint is amply sufficient to sustain the findings of the jury, if they were satisfied that the witnesses were truthful, and their testimony entitled to credence. It was exclusively within their province to judge of the credibility of these witnesses, and to determine the weight to be given to their testimony. We are; therefore, precluded from disturbing their findings, or the decree of divorce based thereon.

Did the court err in denying appellant's application for permanent alimony? We think not. It is not the law, as contended by counsel for appellant, that alimony must be given to the wife in all cases, but only in those where, from all the circumstances, it is equitable to do so.—*Dennis v. Dennis*, 79 Ill. 74. These parties were married on July 3, 1902, and lived together until December 6, 1902, when appellant left appellee, and refused to return, although importuned to do so. On December 26 she instituted this suit and, as above stated, the jury found that her charges against the appellee were unfounded, and that her conduct entitled him to a divorce. The court had heard the evidence that she sought to reintroduce in support of her application for alimony.

In these circumstances, we think the court below acted within its discretion in refusing to rehear the evidence, and did not err in denying her application for alimony. The decree will, therefore, be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.