No. 21402.

PAULINE GLEASON *v.* CLAUDE GLEASON.

(425 P.2d 688)

Decided March 27, 1967.     Rehearing denied April 17, 1967.

SEAVY and SEAVY, for plaintiff in error.

LATTIMER and ROBB, GEORGE M. BOLLINGER, for defendant in error.

*In Department.*

Opinion by JOHN N. MABRY.*

THE parties occupy the same positions here as in the trial court and will hereinafter be referred to as plaintiff and defendant, or by name.

The plaintiff's main assertion on this writ of error is that the trial court erred in denying her permanent alimony. In view of the fact that a rather extended history is necessary to an understanding of the issues involved, the following facts are set forth: the plaintiff, a 61-year old woman and the 75-year old defendant were married on June 1, 1963 in the State of Illinois where the plaintiff lived and, until a few months before, had been employed in the kitchen at the University of Illinois at a wage of approximately $135 per month. She owned a home nearby of the value of $13,000 and received social security benefits of $74 per month which terminated upon her marriage. Defendant, a retired railway employee, lived in Pueblo, Colorado, and had assets, including a home, stocks, bonds and bank account of the approximate value of $35,000, together with retirement and social security monthly benefits of $254. Plaintiff is in good health and able to work. The defendant is in good health but probably would not be able to provide for himself by his own efforts. The plaintiff contributed nothing to the husband's estate during the marriage.

Beginning six weeks after the marriage, misunderstandings developed between the parties and they separated, with such incidents recurring after they came to Pueblo to live in defendant's home in August, 1963. There were separations of short duration until the wife instituted a divorce action on September 23, 1963, which was uncontested. The divorce became final on January

*Retired District Judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

23, 1964. In the interim, the husband voluntarily paid support to his wife of $150 per month.

At the hearing on plaintiff's application for permanent alimony in April 1964, each litigant was present, represented by counsel, and testified. Rather extensive testimony was adduced by each, and the trial court in its findings carefully analyzed the position of the parties, the existing controversy, and found and adjudged, *inter alia*, that the plaintiff retain as her sole and separate property her home in Illinois, and that the defendant have as his separate property the securities, stocks, balance in checking account and his home in Pueblo (which on September 20, 1963 the defendant had conveyed to plaintiff in joint tenancy, unaware that the divorce in question had, on September 19th, been ordered filed by plaintiff and was, in fact, filed on September 23rd). By court order plaintiff was required to reconvey her interest in the home and some personal property to the defendant. The court further found:

"* * * That the plaintiff is not entitled to any permanent alimony; however, the Court feels that she should be given a little consideration for the loss of her Social Security Benefits,"
and ordered the defendant to pay the plaintiff the sum of $500 in lieu of permanent alimony and to pay her attorney's fee of $200, and costs.

■ We have carefully read the record in its entirety and we deem it unfavorable to plaintiff's position on this writ of error. The trial court had before it the fact that the plaintiff had come to Colorado a few months before this marriage, with the prospect of taking care of defendant's invalid wife (who thereafter died) and of keeping house for him. At that time she inquired of and was given a summary of defendant's financial status. He changed his insurance and made her the beneficiary and put her "name on $10,000.00 worth of bonds," as well as then giving plaintiff a check for $1,000 and other sums of money and other types of property before and during

her short coverture. Other activities may have caused the trial court to consider that the plaintiff's motives were for personal aggrandizement while the defendant wanted to save the marriage and made efforts to do so. The record is susceptible of such interpretation on both counts, and to further detail the history of this marriage would not serve a useful purpose.

■■ It is well-settled in Colorado that alimony need not be granted to the wife in all cases, but only in such cases where from all the circumstances it is equitable to do so. *Neander v. Neander*, 35 Colo. 495, 84 Pac. 69, 70. And the law does not compel the court to grant alimony in a divorce case; it is merely permissive. *International Trust Company v. Liebhardt*, 111 Colo. 208, 214; 139 P.2d 264, 267.

■ What shall be done with relation to division of property between the husband and wife is a matter resting within the sound discretion of the trial judge and if supported by competent evidence will not ordinarily be disturbed on review. *Kleiger v. Kleiger*, 127 Colo. 86, 254 P.2d 426; *Mickle v. Mickle*, 125 Colo. 21, 239 P.2d 988; *Williams v. Williams*, 110 Colo. 473, 135 P.2d 1016.

■■ It is also well-established in Colorado that the courts view the testimony in alimony and property settlement matters in the light most favorable to the prevailing party. *Liggett v. Liggett*, 152 Colo. 110, 380 P.2d 673, 675. The trial judge heard the evidence, observed the parties before him, and considered the facts and the law. We hold that the judgment herein is supported by the record and is equitable.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCWILLIAMS and MR. JUSTICE KELLEY concur.