20CA0698 Marriage of Bowers 11-10-2021 COLORADO COURT OF APPEALS Court of Appeals No. 20CA0698 Jefferson County District Court No. 18DR30961 Honorable Christie A. Bachmeyer, Judge In re the Marriage of Kimberly W. Bowers, Appellee, and Larry D. Bowers, Appellant. JUDGMENT AFFIRMED AND CASE REMANDED WITH DIRECTIONS Division I Opinion by JUDGE DAILEY Dunn and Kuhn, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced November 10, 2021 Colorado Divorce Law Group, LLC, Brandi M. Petterson, Littleton, Colorado, for Appellee The Harris Law Firm, PLLP, Katherine O. Ellis, Denver, Colorado, for Appellant 
1 ¶ 1 In this dissolution of marriage proceeding between Larry D. Bowers (husband) and Kimberly W. Bowers (wife), husband appeals the property division and attorney fee provisions of the permanent orders. We affirm the judgment and remand the case to the district court to determine wife’s request for appellate attorney fees under section 14-10-119, C.R.S. 2021. I. Relevant Facts ¶ 2 The parties married in 1998 and separated in November 2018. One month later, wife petitioned to end the marriage. ¶ 3 In March 2020, following an evidentiary hearing, the district court dissolved the marriage and entered permanent orders. The court made the following findings:  Husband’s testimony “was contradictory and not credible.”  Wife was a “credible and accurate reporter.”  In 2017, the parties acquired a business, Stonewall Lodge and RV park (Stonewall), which could not be valued. The business’s real property, however, had a marital value of $425,872.  Since the parties’ separation, husband operated Stonewall on his own. 
2  “No evidence of the total proceeds or revenues earned by Stonewall in 2019 were presented by [h]usband, even though he was the only party privy to the documentation necessary to provide evidence of business income.”  Husband did not provide any evidence of Stonewall’s 2018, 2019, or ongoing expenses. And he failed to show that $50,800 in credit card charges in 2019 were for business expenses.  Husband was paying personal expenses through the business.  Husband was earning $11,000 per month from Stonewall.  Wife took out a loan from her mother in the amount of $19,463 to cover attorney fees and living expenses.  Wife was entitled to maintenance in the amount of $361 per month for a minimum of ten years.  Wife requested a larger share of the marital estate instead of the presumptive amount of maintenance.  Husband dissipated $88,522 in marital funds but “the exact amount is difficult to value due to [his] lack of full disclosure.” 
3  Husband needlessly expanded the scope of the litigation by willfully violating discovery orders and consequently increased the amount of wife’s attorney fees and costs.  Wife already paid $34,026 in attorney fees and costs and had an outstanding balance of $7,617. ¶ 4 From those findings, the district court (1) awarded Stonewall along with its real property to husband; (2) allocated to wife the loan from her mother; (3) granted wife a disproportionate share of the marital estate in lieu of maintenance; (4) sanctioned husband $12,000 for reimbursement of wife’s paid attorney fees and costs; and (5) directed husband to pay approximately 63% of wife’s outstanding attorney fees and costs under section 14-10-119. In the following table, we have summarized the court’s overall property division: Marital Asset Marital Value Wife’s Portion Husband’s Portion Stonewall Real Property $425,872 $425,872 Marital Residence $55,598 $55,598 Vehicles $28,257 $4,665 $23,592 Bank Accounts $51,078 $8,744 $42,334 Retirement Accounts $872,493 $843,595 $28,898 
4 Husband’s Dissipation $88,523 $88,523 Personal Property $2,000 $1,250 $750 Debts ($54,891) ($54,891) TOTAL $1,468,930 $803,363 (55%) $665,567 (45%) Husband now appeals. II. Property Division ¶ 5 Husband contends, for several reasons, that the district court erred in dividing the marital estate. We reject each in turn. A. Legal Standards ¶ 6 A district court must divide the marital property in such proportions as it deems just. § 14-10-113(1), C.R.S. 2021; In re Marriage of LaFleur, 2021 CO 3, ¶ 62; In re Marriage of Wright, 2020 COA 11, ¶ 3 (property division does not have to be equal, only equitable). ¶ 7 When dividing marital property, the district court considers all relevant factors, including, as pertinent here, each spouse’s contribution to the acquisition of the property. See § 14-10-
113(1)(a). ¶ 8 The weighing of the section 14-10-113(1) factors is within the district court’s discretion, and it need not make specific findings as 
5 to each factor so long as its findings indicate which factors it found persuasive. See In re Marriage of Powell, 220 P.3d 952, 959 (Colo. App. 2009). ¶ 9 The district court has great latitude to equitably divide marital property based on the facts and circumstances of the case, and we will not disturb its decision absent a clear abuse of discretion. In re Marriage of Balanson, 25 P.3d 28, 35 (Colo. 2001); see In re Marriage of Hunt, 909 P.2d 525, 538 (Colo. 1995) (“[A]n appellate court must not disturb the delicate balance achieved by the [district] court in division of property . . . unless there has been a clear abuse of discretion.”). ¶ 10 The district court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or based on a misapplication of the law. In re Marriage of Young, 2021 COA 96, ¶ 7. And we will not disturb the court’s factual findings unless they are so clearly erroneous as to find no support in the record. Van Gundy v. Van Gundy, 2012 COA 194, ¶ 12. B. Discussion 1. Husband’s Contributions During the Marriage 
6 ¶ 11 To begin, husband asserts that the district court inequitably divided the marital estate because it did not consider his contributions during the marriage. We disagree. ¶ 12 True, the district court did not make specific findings concerning husband’s contributions during the marriage. § 14-10-
113(1)(a). But the court did not have to. See Powell, 220 P.3d at 959; see also Interest of Spohr, 2019 COA 171, ¶ 24 (“A trial court need only enter findings on the material and ultimate facts of the case. The trial court need not assert in detail which propositions are accepted and which are rejected, but may simply state that the evidence supports or repudiates a claim or defense.”). ¶ 13 The district court did state, however, that it considered all the testimony and evidence presented at the permanent orders hearing. As a result, we may presume that the court was aware of and considered the largely undisputed evidence regarding husband’s contributions, including (1) construction skills and labor, along with funds, on two former residences, which yielded higher sale prices; (2) care of wife’s mother while she lived with the parties; (3) financial support to help wife when she retired early; (4) the renovation projects plus mortgage payments on the marital 
7 residence; and (5) efforts in maintaining Stonewall and its real property since the parties’ separation. See In re Marriage of Hatton, 160 P.3d 326, 329 (Colo. App. 2007) (appellate court may presume that the district court considered all the evidence before it); see also In re Marriage of Udis, 780 P.2d 499, 504 (Colo. 1989). ¶ 14 We conclude that, although the district court did not explicitly address each of husband’s contributions, it sufficiently considered them as part of its equitable division of the marital estate. 2. Stonewall Real Property ¶ 15 As we understand it, husband argues that the property division “unfairly prejudiced” him because the district court mistakenly assumed that he could liquidate or sell the Stonewall real property and still earn an income from the business. We are not persuaded. ¶ 16 We first address wife’s claim that husband failed to preserve this argument for appeal. ¶ 17 Generally, an issue cannot be raised for the first time on appeal. See In re Marriage of Ensminger, 209 P.3d 1163, 1167 (Colo. App. 2008). To preserve an issue for appeal, it must be presented in such a way that the district court has an opportunity 
8 to rule on it. Berra v. Springer & Steinberg, P.C., 251 P.3d 567, 570 (Colo. App. 2010). ¶ 18 However, a party need not object to findings rendered by the district court after a permanent orders hearing to preserve a challenge to them for appeal. See C.R.C.P. 52 (“Neither requests for findings nor objections to findings rendered are necessary for purposes of review.”); see also People in Interest of D.B., 2017 COA 139, ¶ 30 (“[A] party is not required to object to the [district] court’s findings in the [district] court to preserve a challenge to those findings.”); In re Marriage of Rooks, 2016 COA 153, ¶ 50, rev’d on other grounds, 2018 CO 85. So, the issue is preserved, and we will proceed to consider the merits of husband’s argument. ¶ 19 The parties asked, and the district court agreed, that Stonewall and its real property be allocated to husband. In its overall property division, the court considered, among other things, that the real property “can be liquidated.” The court further found that husband’s income is derived solely from Stonewall, which became a basis for the unequal property division in lieu of maintenance. 
9 ¶ 20 In our view, husband misconstrues the district court’s order. The court did not, as he seems to argue, require him to liquidate Stonewall’s real property and lose income therefrom. Indeed, there is nothing in the record to suggest that he had any intention of selling the property or the business. Rather, we agree with wife that the court’s order merely recognizes that he has the option to sell the property, reinvest the proceeds, and still produce an income. And the liquidity of the asset was one of many relevant factors the court considered in making an equitable division. ¶ 21 For all those reasons, we cannot see how husband is prejudiced by the court’s findings regarding Stonewall and its real property. 3. Wife’s Mother’s Loan ¶ 22 Next, husband argues that the district court erred in classifying money wife received from her mother as a marital debt and not a gift. Wife asserts, and we agree, that he did not preserve this specific argument in the district court either in his pre-trial statement or at the permanent orders hearing. See Core-Mark Midcontinent Inc. v. Sonitrol Corp., 2016 COA 22, ¶¶ 26-27 (only specific arguments made to the district court are preserved for 
10 appeal); Berra, 251 P.3d at 570. True, when asked by the district court what he wanted to do with wife’s “loan” from her mother, he answered that “[s]he’s responsible for that.” His response, however, cannot be taken as specifically asking the court to treat the debt as a gift and to exclude it from the property division. So, we decline to address the argument now. See In re Marriage of Crouch, 2021 COA 3, ¶ 13 (declining to consider argument raised for the first time on appeal). ¶ 23 Husband also argues that the district court’s findings are inadequate regarding the validity or existence of wife’s mother’s loan. We disagree because the basis for the court’s ultimate determination is sufficiently explicit. See Moeller v. Colo. Real Estate Comm’n, 759 P.2d 697, 703 (Colo. 1988) (“Though the factual findings of the [district] court are brief and undetailed, we are able to determine the basis of the . . . court’s judgment from its findings and a review of the record.”); Manor Vail Condo. Ass’n v. Town of Vail, 604 P.2d 1168, 1172 (Colo. 1980) (“The brevity of findings and conclusions alone does not necessarily determine their validity.”). 
11 ¶ 24 The record reflects that during the parties’ separation, wife borrowed $19,463 from her mother to help pay her attorney fees and living expenses. Wife testified that the loan and a specific payment plan was memorialized in a promissory note, a copy of which was admitted as an exhibit. She also testified that she had intended to repay the loan and that throughout the marriage, the parties had paid off several loans from her mother. ¶ 25 For his part, husband offered no evidence contradicting wife’s testimony. And we note that the district court specifically found wife more credible overall than husband. ¶ 26 Because the record, including the district court’s credibility finding, supports its determination that the loan was a marital debt subject to division, we discern no error. See In re Marriage of Farr, 228 P.3d 267, 270 (Colo. App. 2010) (determining the credibility of the witnesses and resolving conflicting evidence are within the province of the district court, and an appellate court will not disturb those findings on appeal); see also In re Marriage of Amich, 192 P.3d 422, 424 (Colo. App. 2007) (district court can believe all, part, or none of a witness’s testimony, even if uncontroverted). 
12 ¶ 27 Even if we assume the district court erred by including the $19,463 loan in the marital det, we conclude that any such error is harmless. This is so because the alleged error affects approximately 1% of the parties’ sizable $1,469,313 marital estate. See Balanson, 25 P.3d at 36; see also In re Marriage of Zappanti, 80 P.3d 889, 893 (Colo. App. 2003) (“Errors by the [district] court in determining the property division are reversible only when overall they affect the parties’ substantial rights.”); C.R.C.P. 61. 4. Unequal Property Division in Lieu of Maintenance ¶ 28 The district court, in lieu of maintenance, awarded an unequal property division in wife’s favor. Thus, the issues of maintenance and property division are interrelated. Husband challenges the property division on the basis that the record does not support the court’s determination that wife was entitled to maintenance. We are not persuaded. ¶ 29 We reject wife’s argument that husband failed to preserve this contention for appeal. Husband preserved the issue by consistently testifying that he could not earn $11,000 per month from Stonewall. And because the court ruled on wife’s entitlement to 
13 maintenance, we conclude that the issue is preserved for our review. See Berra, 251 P.3d at 570. ¶ 30 The law does not compel an award of maintenance. Gleason v. Gleason, 162 Colo. 212, 215, 425 P.2d 688, 689 (1967). The district court is encouraged to provide for the financial needs of the spouses by property disposition rather than an award of maintenance. In re Marriage of Huff, 834 P.2d 244, 252 (Colo. 1992). Section 14-10-114(3)(f), C.R.S. 2021, allows a district court to award additional marital property to the recipient spouse or otherwise adjust the marital property distribution or debt to alleviate the need for maintenance. ¶ 31 The district court determined that wife was entitled to monthly maintenance in the amount of $361 for a period of at least ten years. The court based its determination, in part, on its finding that husband’s earning capacity from Stonewall was $11,000 per month. It then awarded wife more of the marital estate in lieu of maintenance. ¶ 32 Husband asserts that the district court’s income finding as to him is clearly erroneous. Because the record supports the court’s finding, we decline to disturb it. 
14 ¶ 33 On his 2019 and 2020 sworn financial statements, husband reported monthly incomes of $12,509 and $11,000, respectively. Husband clarified that those figures represent what Stonewall earns before business expenses are paid. The record reflects that husband did not provide a full financial background of the business, nor did he detail its total revenues and expenses. As well, the record indicates that the business was operated “substantially” on a cash basis, making its income difficult to verify. ¶ 34 Husband testified that it was “impossible” for him to make $12,500 per month. He added that he had “never taken a salary” or a single “penny from the [business].” Yet, he later testified that he regularly uses the business’s income to pay personal expenses. ¶ 35 The parties’ 2018 federal tax return, on which husband relies, states that the business earned gross income in the amount of $12,746 per month (comprising of checks, cash, and credit card transactions) less expenses of $10,086 per month, leaving a net income of $2,660 per month. But wife, who the court found credible, testified that husband had a history of including improper business expenses. In fact, husband provided no accounting or 
15 explanatory testimony for $50,800 in alleged business expenses in 2019. ¶ 36 Given the district court’s finding that husband’s testimony was contradictory and not credible, his failure to provide supporting documentation of Stonewall’s revenues and expenses, his commingling of business and personal expenditures, and wife’s credible testimony regarding his improper business expenses, we find no basis to disturb his reported monthly income of $11,000. See Van Gundy, ¶ 12; see also Farr, 228 P.3d at 270; In re Marriage of Rose, 134 P.3d 559, 561 (Colo. App. 2006) (appellate court is bound by the district court’s factual findings supporting its maintenance determination, including its income findings, unless such findings are clearly erroneous). ¶ 37 Nor are we persuaded by husband’s assertion that the district court erred by not making the required findings in determining whether wife was entitled to maintenance under section 14-10-114. ¶ 38 Section 14-10-114(3) sets forth a specific process for the district court to follow when considering a maintenance request. In re Marriage of Herold, 2021 COA 16, ¶ 24. As a relevant here, under section 14-10-114(3)(a)(I), the court must first make initial 
16 findings concerning each party’s income, the marital property apportioned to each, their financial resources, and the reasonable financial needs during the marriage. Wright, ¶ 14. ¶ 39 After making these findings, the district court considers the advisory guideline amount and term of maintenance under section 14-10-114(3)(b) and the factors under section 14-10-114(3)(c). § 14-10-114(3)(a)(II)(A)-(B); see Wright, ¶ 15. ¶ 40 The district court’s final step is to determine whether the requesting spouse lacks sufficient property, including marital property awarded, to provide for his or her reasonable needs and is unable to support himself or herself through appropriate employment. § 14-10-114(3)(a)(II)(C), (3)(d); see Wright, ¶ 16 (noting that “[t]he statute makes clear” that the court is to consider this issue only after it has made the required initial findings under the other provisions of section 14-10-114(3)). ¶ 41 The district court here made sufficient findings to support its determination that wife was entitled to maintenance:  Husband was earning $11,000 per month, operating Stonewall. See § 14-10-114(3)(a)(I)(A), (C), (c)(II), (V). 
17  Wife, a retired schoolteacher, had a PERA account in pay status from which she was receiving approximately $6,500 per month. See § 14-10-114(3)(a)(I)(A), (C), (c)(I), (V).  “Husband will receive [Stonewall’s real property] which can be liquidated [and] an up-front payment for his interest in [w]ife’s PERA . . . whereas wife does not receive the same benefit . . . but rather, can only receive her value over time.” See § 14-10-114(3)(a)(I)(B)-(C), (c)(IV).  “Wife will leave the marriage with debt and a monthly income and insufficient liquid assets to purchase a new home for herself at 63 years of age; . . . the exact amount dissipated by [h]usband is difficult to value due to a lack of full disclosure; [and] . . . [w]ife has significant financial obligations that she must repay whereas [h]usband failed to provide any documentation of current marital debts that would be legitimate for the [c]ourt to consider.” See § 14-
10-114(3)(a)(I)(B)-(D), (c)(I), (IV), (IX), (XIII).  The parties were married for twenty-two years. See § 14-
10-114(3)(c)(VII). 
18  Wife was dependent on others to meet her financial needs. See § 14-10-114(3)(c)(I).  Wife has “several medical conditions for which she currently receives treatment, or for which she will receive treatment.” See § 14-10-114(3)(c)(IX).  Husband was not credible while wife was. See § 14-10-
114(3)(c)(XIII).  The statutory guidelines suggested that wife be awarded $361 per month for at least ten years. See § 14-10-
114(3)(b).  Wife would meet the threshold for maintenance. § 14-10-
114(3)(a)(II)(C), (3)(d). ¶ 42 Husband points out that the district court did not make express findings on the parties’ lifestyle during the marriage and whether either party had historically earned more or less money than they were earning at the time of the permanent orders. See § 14-10-114(3)(c)(III), (VI). But it was not required to do so. See Wright, ¶ 20 (district court need not make explicit findings on the factors under section 14-10-114(3)(c) so long as its order gives the appellate court a clear understanding of its basis); see also In re 
19 Marriage of Lee, 781 P.2d 102, 105 (Colo. App. 1989) (when awarding maintenance, the district court need not explain how it weighed the parties’ evidence). ¶ 43 Because the district court made the necessary findings under section 14-10-114(3)(a)(I) and considered the advisory guideline amount and term of maintenance under section 14-10-114(3)(b) along with the relevant factors under section 14-10-114(3)(c), we discern no error regarding maintenance. III. District Court Attorney Fees and Costs ¶ 44 Last, husband contends that the district court committed “legal error” when it included wife’s paid attorney fees and costs as part of the property division under section 14-10-113. We disagree. ¶ 45 We reject wife’s assertion that husband failed to preserve this contention. Husband could not have raised this issue until after the court made its findings and apportioned the attorney fees in the way that it did. See C.R.C.P. 52; see also D.B., ¶ 30. ¶ 46 The record reflects that wife incurred and paid $34,026 in attorney fees and costs. The record further shows that she paid that amount using a credit card and the loan from her mother. We discern no legal error in the district court’s allocation of wife’s paid 
20 litigation costs as debts in the marital estate. When litigation costs have already been paid, the court is permitted to allocate the debt for such costs in the property division. See In re Marriage of Burford, 26 P.3d 550, 559 (Colo. App. 2001). ¶ 47 In his summary of the argument and later in his argument heading, husband asserts that the district court erred in double counting wife’s attorney fees and costs in the property division, first as part of the marital debt and again when it ordered him to reimburse her $12,000 as a sanction. But he does not further develop this assertion, so we decline to address it. . See In re Marriage of Zander, 2019 COA 149, ¶ 27, aff’d, 2021 CO 12 (appellate court will not consider an argument not supported by any meaningful legal analysis); Barnett v. Elite Props. of Am., Inc., 252 P.3d 14, 19 (Colo. App. 2010) (“We will not consider a bald legal proposition presented without argument or development.”). IV. Appellate Attorney Fees and Costs ¶ 48 Wife asks for her appellate attorney fees under section 13-17-
102(4), C.R.S. 2021, asserting that husband’s appeal lacks substantial justification. Though husband did not succeed, we do not consider his contentions to be frivolous. See Mission Denver Co. 
21 v. Pierson, 674 P.2d 363, 365 (Colo. 1984) (“Standards for determining whether an appeal is frivolous should be directed toward penalizing egregious conduct without deterring a lawyer from vigorously asserting his client’s rights.”). Therefore, we deny her request on this basis. ¶ 49 Arguing that the parties’ financial resources are disparate, wife also requests her appellate attorney fees pursuant to section 14-10-
119. Because the district court is better equipped to resolve the factual issues concerning the parties’ current financial circumstances, we remand this issue for its consideration. See In re Marriage of Alvis, 2019 COA 97, ¶ 30; C.A.R. 39.1. ¶ 50 Appellate costs will be assessed pursuant to C.A.R. 39. V. Conclusion ¶ 51 The judgment is affirmed. The case is remanded for the district court to consider wife’s request for appellate attorney fees under section 14-10-119. JUDGE DUNN and JUDGE KUHN concur.