20CA1385 Marriage of McCarthy 01-27-2022 COLORADO COURT OF APPEALS Court of Appeals No. 20CA1385 Larimer County District Court No. 18DR30131 Honorable Julie Kunce Field, Judge In re the Marriage of Victoria McCarthy, Appellee, and Timothy McCarthy, Appellant. ORDERS AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED WITH DIRECTIONS Division I Opinion by JUDGE FOX Schutz and Graham*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 27, 2022 Lathrop Law Office, P.C., Diane M. Lathrop, Fort Collins, Colorado, for Appellee The Law Offices of Rodger C. Daley and Associates, Rodger C. Daley, Kerry Lego, Carrie Vonachen, Dorian Geisler, Denver, Colorado, for Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2022.
1 ¶ 1 In this post-dissolution of marriage proceeding between Timothy McCarthy (husband) and Victoria McCarthy (wife), husband appeals from two district court orders, one granting wife’s motion to set aside certain provisions of the parties’ separation agreement and the other denying him spousal maintenance. We affirm the former, reverse the latter in part, and remand the case with directions. I. Relevant Facts ¶ 2 The parties married in 1997 and later became parents of two children, but only the youngest, born in 2003, is a minor. ¶ 3 In March 2018, wife petitioned to dissolve the marriage. Around this time, wife was a physician and husband was a solo law practitioner. In November, a vocational evaluator reported that husband had described his efforts to expand his legal practice to include cannabis work: He had been working with a client in the cannabis industry to provide legal representation to them, but he was not sure if this would pan out. He did not get paid for his work on that case. He recently took a webinar about practicing law in that field and he doubled his legal malpractice insurance. He noted [that] he had another client who was a hemp manufacturer, but that fell through too 
2 when the product was inspected and found to be deficient. ¶ 4 In April 2019, the district court dissolved the marriage and incorporated the parties’ separation agreement into its decree. The agreement provided that (1) wife would pay husband contractual maintenance on a step-down basis, beginning at $4,500 per month for about four years; and (2) husband would pay wife child support in the amount of $840 per month. The parties based those obligations on wife earning $22,247 per month and husband, who was now working as a new associate at the Kingsford law firm, earning $4,500 per month. ¶ 5 In August, wife moved to set aside the separation agreement under C.R.C.P. 60(b)(2) and C.R.C.P. 16.2(e)(10). She alleged that she relied on husband’s representation that he was not earning an income from legal work he performed for Pono Lifestyles, a CBD business, starting when he was a solo practitioner and continuing “on the side” through his employment with Kingsford. Wife also sought an award of attorney fees and costs under C.R.C.P. 16.2. 
3 ¶ 6 On March 10, 2020, following an evidentiary hearing (first hearing) at which only the parties testified, the district court granted wife’s motion. The court found that  as an attorney with family law experience, husband was “well aware” of the disclosure requirements of C.R.C.P. 16.2;  “there [was] no dispute that [husband] did not disclose documents related to his work with . . . Pono”;  the undisclosed documents were material as they related to husband’s income or income capacity when the parties decided child support and maintenance, the “critical issue . . . at the time of the dissolution”;  one document in particular showed that his “work as an attorney [was] worth at least $9,000 per month to Pono since at least December 2017”;  husband’s “assertions that he relied on the advice of his attorney in not disclosing the Pono . . . documents along with other information (such as bank account information . . . he received)” were not credible; and  wife withdrew her request to reopen the property division. 
4 From those findings, the court set aside the maintenance and child support provisions of the separation agreement. It then set the matter for another evidentiary hearing (second hearing) to consider drawing a negative inference arising from husband’s discovery violations, determine husband’s income, reconsider maintenance and child support, and address wife’s request for attorney fees and costs under C.R.C.P. 16.2. ¶ 7 After the second hearing, the district court issued a written order on June 24, 2020. Given husband’s failure to disclose certain information in discovery, the court drew a negative inference about his income and found that he had earned or was capable of earning $9,000 per month. Along with his income of $4,333 from Kingsford, it concluded that his total monthly income was $13,333. The court then denied husband’s maintenance request and ordered him to repay all the maintenance he received from May 2019 through March 2020. The court also awarded wife her attorney fees and costs for husband’s failure to fully disclose his financial information under C.R.C.P. 16.2. ¶ 8 Husband appeals the district court’s March 10 order setting aside the maintenance and child support provisions of the 
5 separation agreement, and the June 24 order denying him maintenance and awarding wife her attorney fees and costs. We address each in turn. II. March 10 Order ¶ 9 To begin, husband states, and we agree, that the district court could not rely on C.R.C.P. 16.2 as a basis for setting aside the maintenance and child support provisions of the separation agreement, especially after wife withdrew her request to reopen the property division. See In re Marriage of Roddy, 2014 COA 96, ¶ 17 (the plain language of C.R.C.P. 16.2(e)(10) does not allow a district court to redetermine child support); see also In re Marriage of Dadiotis, 2014 COA 28, ¶ 8 (the plain language of C.R.C.P. 16.2(e)(10) does not allow a district court to redetermine maintenance). ¶ 10 That said, husband contends only that the district court erred in granting wife relief under C.R.C.P. 60(b)(2). Specifically, he asserts that she knew about his work for Pono, decided to forgo formal discovery, and made a “calculated decision to settle the case.” We are not persuaded. 
6 ¶ 11 Relief from a judgment or order is available under C.R.C.P. 60(b)(2) for fraud, misrepresentation, or other misconduct by an adverse party. Roddy, ¶ 21. ¶ 12 Granting relief pursuant to C.R.C.P. 60(b)(2) lies within a district court’s sound discretion. Roddy, ¶ 23. The court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or if it misapplies the law. In re Marriage of Young, 2021 COA 96, ¶ 7. ¶ 13 During the first hearing, husband testified that  he had been working for Pono since late 2017;  he did not disclose to wife or the vocational evaluator the written engagement agreement, retaining him as counsel for Pono;  he did not disclose documents from July 2018 to April 2019, which showed the nature and extent of his work for Pono, including communications on numerous CBD transactions;  Pono would not pay him until it became an actual venture, describing his work as a “red herring” because it would never “lead[] to anything”; 
7  he did not provide wife with his 2019 tax returns;  he had experience in family law and was aware of the disclosure requirements in C.R.C.P. 16.2; and  wife relied on his statements that he was not receiving income from Pono. ¶ 14 The district court admitted into evidence Exhibit 13, which consisted of sixteen “payment spreadsheets” drafted and signed by husband. One in particular reflected that from July 2018 through April 2019, husband had “charged” Pono $9,000 per month and that the company had “paid” him the approximate sum of $100,000 from December 2017 through April 2019. Husband explained that the exhibit was merely “demonstrative” and created for the limited purpose of showing two possible investors in Pono about how “billing would work.” As a result, he believed that he had no obligation to disclose that information to wife prior to her signing the separation agreement. ¶ 15 For her part, wife testified that she relied on husband’s assurances, as an officer of the court, that he was not receiving any income from Pono. She further testified that had she seen the undisclosed documents, she would not have agreed to husband’s 
8 income of $4,500 when determining maintenance and child support. ¶ 16 In the end, the district court sided with wife. The court determined that it was “undisputed” that husband failed to disclose material documents related to his work for Pono. It also determined that his explanation concerning his “payment spreadsheets” was not credible and made no “logical sense.” ¶ 17 Husband’s contention requires us to second-guess the district court’s resolution of conflicting evidence that turned on credibility determinations, which we will not do. See In re Marriage of Kann, 2017 COA 94, ¶ 36 (“[O]ur supreme court has . . . expressed unbridled confidence in [district] courts to weigh conflicting evidence.”); see also In re Marriage of Farr, 228 P.3d 267, 270 (Colo. App. 2010) (determining witness credibility is the province of the district court); In re Marriage of Yates, 148 P.3d 304, 308 (Colo. App. 2006) (the weight, probative force, and sufficiency of the evidence, and the inferences and conclusions to be drawn therefrom, are matters within the sole discretion of the district court). On the same basis, we are not persuaded by husband’s insistence that his business and personal accounts and federal tax 
9 returns prove that he had not received any income from Pono. See Kann, ¶ 36; see also Farr, 228 P.3d at 270; Yates, 148 P.3d at 308. ¶ 18 Because the record amply supports the district court’s findings, and given that they are based on credibility determinations, we discern no abuse of its sound discretion in granting wife C.R.C.P. 60(b)(2) relief. See Roddy, ¶ 23. III. June 24 Order A. Maintenance ¶ 19 Next, husband contends that the district court erred in denying his maintenance request because it did not follow the statutory framework under section 14-10-114, C.R.S. 2021. We agree. ¶ 20 We review de novo whether the district court correctly applied section 14-10-114 in determining maintenance. See In re Marriage of Vittetoe, 2016 COA 71, ¶¶ 3-4. ¶ 21 Under section 14-10-114(3)(a)(I), a district court awarding maintenance shall make initial oral or written findings concerning each party’s income, the marital property apportioned to each, their financial resources, the reasonable financial needs as established during the marriage, and whether the maintenance award would be 
10 deductible by the payor and taxable to the recipient for federal income tax purposes. See In re Marriage of Wright, 2020 COA 11, ¶ 14 (the word “shall” in a statute is mandatory) (citation omitted); see also Vittetoe, ¶ 9 (“The statute requires the district court to make initial written or oral findings concerning four factors.”). ¶ 22 If, as here, the parties’ combined annual adjusted gross incomes exceed $240,000, the formulas in section 14-10-114(3)(b)(I) for determining the advisory guideline amount of maintenance do not apply and the district court instead determines maintenance based on factors listed in section 14-10-114(3)(c). See § 14-10-
114(3.5). ¶ 23 Finally, the district court must consider whether the requesting party qualifies for maintenance: After considering the provisions of this section and making the required findings of fact, the [district] court shall award maintenance only if it finds that the spouse seeking maintenance lacks sufficient property, including marital property apportioned to him or her, to provide for his or her reasonable needs and is unable to support himself or herself through appropriate employment. § 14-10-114(3)(d); see Wright, ¶ 16. 
11 ¶ 24 In denying husband’s maintenance request, the district court explained: [His] previously-undisclosed documents demonstrate that he earned (or was capable of earning) an additional $9,000 per month above his actual reported, earned income of $4,333 per month which he claimed in 2019. Given the undisclosed documents, the [c]ourt finds that the maintenance award to [h]usband was inflated based on that lack of information. Husband’s income, according to those documents, was $13,333 per month. Given that, the [c]ourt does not find that [h]usband can show that he would have been entitled to maintenance, in that he could not meet his reasonable needs or that he was unable to support himself through appropriate employment. ¶ 25 The district court mistakenly referenced subsection three of the previous version of the maintenance statute in saying that it “must first make a threshold determination that the spouse seeking maintenance lacks sufficient property, including marital property, to provide for [his] reasonable needs and that [he] is unable to support himself . . . through appropriate employment.” See Ch. 151, sec. 1, § 14-10-114(3), 2001 Colo. Sess. Laws 483; see also In re Marriage of Huff, 834 P.2d 244, 252 (Colo. 1992) (under the previous version of the maintenance statute, the district court must 
12 make a threshold finding that maintenance is necessary before any further statutory consideration). But, under the current statute, it is only after “making the required findings” that the court considers what was formerly known as the “threshold” test. § 14-10-
114(3)(a)(I)(A)-(C), (II)(A)-(C), (3)(b)-(d); see Wright, ¶ 16; Vittetoe, ¶ 9. ¶ 26 Moreover, the district court did not make all of the necessary findings under section 14-10-114(3)(a)(I), and there is no indication that it considered the factors in section 14-10-114(3)(c). Nor did it consider, at the end of its analysis, the “threshold” test for maintenance pursuant to section 14-10-114(3)(d). See Wright, ¶ 16. ¶ 27 As a result, we reverse the district court’s maintenance determination and remand the case with directions to follow the procedure in the current version of section 14-10-114, making findings where required and addressing the factors pertinent to its maintenance determination. See Wright, ¶ 23. In doing so, the court must enter sufficient factual findings to enable appellate review. See In re Marriage of Rozzi, 190 P.3d 815, 822 (Colo. App. 2008) (“A [district] court’s order must contain findings of fact and conclusions of law sufficiently explicit to give an appellate court a clear understanding of the basis of its order and to enable the 
13 appellate court to determine the grounds upon which it rendered its decision.”); see also In re Marriage of Wormell, 697 P.2d 812, 815 (Colo. App. 1985) (requiring district court to make certain specific findings under section 14-10-114 to apprise the parties of the reasons for its decision and to preserve its rationale for any appellate review). ¶ 28 Because maintenance is based on the parties’ financial circumstances at the time the order is entered, the district court should consider the parties’ current circumstances on remand. See Wright, ¶ 14; see also Kann, ¶ 79 (“[B]ecause maintenance awards are based on the parties’ financial situations when such orders are entered, the [district] court may take additional evidence of changed financial circumstances as it deems appropriate.”). For that reason, we need not consider husband’s argument that the court improperly calculated his income. See Wright, ¶ 24. B. Attorney Fees and Costs in District Court ¶ 29 Last, husband contends that the district court lacked the authority to award wife attorney fees and costs under C.R.C.P. 60(b)(2). We disagree. 
14 ¶ 30 At the outset, we reject wife’s claim that husband did not preserve this issue for our review. Husband was not required to object to the district court’s findings to preserve his challenge to the order on appeal. See C.R.C.P. 52; see also People in Interest of D.B., 2017 COA 139, ¶ 30. ¶ 31 In a dissolution proceeding, the parties owe each other, and the court, a duty of full and honest disclosure, and they must provide all information material to the resolution of the case. C.R.C.P. 16.2(e)(1). If a party fails to comply with her or his obligation, “the court may impose appropriate sanctions,” including an award of reasonable attorney fees and costs. C.R.C.P. 16.2(j); see In re Marriage of Cardona, 321 P.3d 518, 527 (Colo. App. 2010), aff’d on other grounds, 2014 CO 3. Such a sanction is not limited to those situations in which the violation of the disclosure obligation provides a basis for relief under C.R.C.P. 16.2(e)(10). Absent an abuse of discretion, we will not disturb the district court’s decision in such matters. See id. ¶ 32 In moving to set aside the maintenance and child support provisions of the separation agreement, wife requested her attorney fees and costs under C.R.C.P. 16.2. After the first hearing, the 
15 district court found that husband had failed to comply with C.R.C.P. 16.2 and reserved ruling on her request for fees and costs until after the second hearing. Following that hearing, the court found that an “award of attorney fees and costs [was] an appropriate consequence for [h]usband’s failure to properly disclose information regarding his income at the time of the permanent orders process.” The court added, “[H]e was well aware of the requirements of disclosures under Rule 16.2 at the time and yet he failed to provide such information.” ¶ 33 So, contrary to husband’s contention, fees and costs were not awarded under C.R.C.P. 60(b)(2). And because the district court’s decision to sanction husband was supported by the record, we discern no abuse of discretion in this regard. See Cardona, 321 P.3d at 527. IV. Appellate Attorney Fees ¶ 34 Wife asks for her appellate attorney fees under section 13-17-
102, C.R.S. 2021, arguing that husband’s appeal lacked substantial justification. In light of our disposition, we deny her request. ¶ 35 Husband requests his appellate attorney fees under section 14-10-119, C.R.S. 2021, due to the disparity in the parties’ 
16 financial resources. See In re Marriage of Gutfreund, 148 P.3d 136, 141 (Colo. 2006). We direct the district court on remand to consider this request because it is better equipped to ascertain the parties’ financial resources. See C.A.R. 39.1; In re Marriage of Alvis, 2019 COA 97, ¶ 30. V. Conclusion ¶ 36 The March 10 order is affirmed. ¶ 37 The portion of the June 24 order regarding maintenance is reversed, and the case is remanded for further proceedings in accordance with the views expressed here. The court on remand must also consider husband’s request for appellate attorney fees under section 14-10-119. Otherwise, the rest of the order is affirmed. JUDGE SCHUTZ and JUDGE GRAHAM concur.