The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
December 8, 2022

## 2022COA141

**No. 21CA0418, *Nguyen v. Lai* — Family Law — Uniform Dissolution of Marriage Act — Declaration of Invalidity — Disposition of Property**

In this domestic relations case, appellant wife appeals the district court's judgment declaring her marriage to appellee husband invalid and concluding that it lacked jurisdiction to divide the parties' jointly owned property. A division of the court of appeals holds that the district court's conclusion that it lacked jurisdiction over the division of the parties' property was error and reverses that portion of the district court's judgement. Because the court's decree of invalidity doesn't address property division at all, the division dismisses without prejudice appellant wife's appeal concerning the decree of invalidity of marriage for lack of a final order and remands the case to the district court for further

proceedings with the understanding that it has jurisdiction over the division of the parties' property.

Court of Appeals No. 21CA0418
City and County of Denver District Court No. 20DR30226
Honorable Darryl F. Shockley, Judge

_____

Duoc Van Nguyen,

Appellee,

v.

Huyen T. Lai,

Appellant.

_____

JUDGMENT REVERSED IN PART, APPEAL DISMISSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE WELLING
J. Jones and Schutz, JJ., concur

Announced December 8, 2022

_____

Woody Law Firm LLC, Danae D. Woody, James H. Delman, Denver, Colorado, for Appellee

Campbell Killin Brittan & Ray, Michael Mirabella, Megan Cronin, Denver, Colorado, for Appellant

¶ 1    Huyen T. Lai appeals the district court's judgment declaring that her marriage to Duoc Van Nguyen was invalid and concluding that it lacked jurisdiction to divide the parties' jointly owned property.  We disagree with the district court's conclusion that it lacked jurisdiction over the division of the parties' property and reverse that portion of the court's judgement.  Based on that decision, we dismiss without prejudice Ms. Lai's appeal concerning the decree of invalidity of marriage for lack of a final order.

## I.    Relevant Facts

¶ 2    Mr. Nguyen and Ms. Lai were married in November 2017.  In March 2020, Mr. Nguyen filed a petition to declare the marriage invalid.  He alleged that, at the time of their marriage, Ms. Lai was legally married to another person and that she fraudulently represented to him that the prior marriage had ended.

¶ 3    After a hearing, the district court entered a decree invalidating the marriage.  The court found that the marriage was prohibited by law because Ms. Lai was married to another person when she married Mr. Nguyen and that Mr. Nguyen entered into the marriage in reliance on Ms. Lai's misrepresentations.  The court also determined that Ms. Lai wasn't eligible for putative spouse status.

1

¶ 4    In its oral ruling (but not in the written decree), the court indicated that it didn't have jurisdiction over the parties' property, which includes real estate, vehicles, and bank accounts.

¶ 5    Ms. Lai appealed. After briefing was complete, this court issued a show cause order questioning the finality of the judgment because the district court hadn't entered permanent orders concerning the parties' property. *Nguyen v. Lai*, (Colo. App. No. 21CA0418, Feb. 17, 2022) (unpublished order). And a motions division of this court dismissed the appeal. *Nguyen v. Lai*, (Colo. App. No. 21CA0418, Mar. 18, 2022) (unpublished order).

¶ 6    Ms. Lai then requested and obtained an amended decree from the district court. In the amended decree, the court said that "due to the [i]nvalidity of the [m]arriage, the [c]ourt does not have jurisdiction over the division of the [p]arties' jointly owned property."

¶ 7    In light of the amended decree, the motions division granted Ms. Lai's petition for rehearing on the order dismissing the appeal and reinstated the appeal. *Nguyen v. Lai*, (Colo. App. No. 21CA0418, Apr. 12, 2022) (unpublished order). However, the division clarified that its order didn't preclude the merits division

2

from addressing the district court's determination that it lacked jurisdiction to divide the parties' jointly owned property and, depending on the resolution of that question, whether the balance of the judgment is final and subject to appeal. *Id.*; *see also Chavez v. Chavez*, 2020 COA 70, ¶ 12 (noting that the division of this court that considers and decides the merits of an appeal is "colloquially" referred to as the "merits division").

## II.    Discussion

¶ 8     Because the resolution of the issue impacts our jurisdiction, we must first consider the propriety of the district court's conclusion that it lacked jurisdiction to divide the parties' property. *See Spiremedia Inc. v. Wozniak*, 2020 COA 10, ¶ 11; *see also People v. S.X.G.*, 2012 CO 5, ¶ 9 ("Because we must always satisfy ourselves that we have jurisdiction to hear an appeal, we may raise jurisdictional defects [on our own], regardless of whether the parties have raised the issue.").

¶ 9     Without explanation, the district court concluded that the invalidity of the parties' marriage deprived it of jurisdiction over the parties' jointly owned property.  However, our legislature has granted the court this express authority.  Section 14-10-111(6),

3

C.R.S. 2022, explicitly states that the provisions of the dissolution of marriage statutes, which allow a court to divide the spouses' marital property, are applicable to decrees of invalidity of marriage. *See In re Marriage of Farr*, 228 P.3d 267, 268 (Colo. App. 2010); *see also* § 14-10-113, C.R.S. 2022; *In re Marriage of Joel*, 2012 COA 128, ¶¶ 6, 21. Therefore, a court that declares a marriage invalid is vested with the same authority to divide the parties' property acquired during the invalid marriage as if the court had dissolved a valid marriage. *See Farr*, 228 P.3d at 268; *In re Marriage of Dickson*, 983 P.2d 44, 47 (Colo. App. 1998) (recognizing that after a "judgment of nullity," the district court retained "jurisdiction to enter orders as to property"); *cf. Joel*, ¶ 24 ("[A]s to property acquired after the date of the voided marriage, or as to an increase in the value of property acquired before the voided marriage, the most the court may award to the party who engaged in fraud is the proportion of property or increase in value attributable to the financial contribution of that party.") (citation omitted).

¶ 10    Still, at oral argument, Mr. Nguyen contended that the district court didn't err because section 14-10-111(6) merely allows the court to divide the parties' property; it does not require it. And he

4

argues that the court implicitly declined to exercise that authority. Even if we assume, without deciding, that the court may, within its discretion, decline to exercise jurisdiction as conferred by section 14-10-111(6), the district court didn't indicate it had done so here. To the contrary, it concluded that it did "not have jurisdiction" over the parties' property.

¶ 11　　Nor are we persuaded that the district court was divested of jurisdiction after it determined that Ms. Lai wasn't a putative spouse. While a putative spouse acquires the rights conferred on a legal spouse when a marriage is declared invalid, *see* § 14-2-111, C.R.S. 2022, nothing in the plain language of section 14-10-111(6) conditions the court's authority to address the spouses' property on a determination that one of them is a putative spouse, *see Przekurat v. Torres*, 2018 CO 69, ¶ 8 ("If the language is 'plain and clear,' then we apply the statute 'as written.'" (quoting *Clyncke v. Waneka*, 157 P.3d 1072, 1077 (Colo. 2007)).

¶ 12　　The district court therefore erred by concluding that the decree invalidating the marriage deprived it of jurisdiction to divide the parties' property. *See* § 14-10-111(6); *Farr*, 228 P.3d at 268;

5

*Dickson*, 983 P.2d at 47.  Accordingly, we reverse this portion of the court's judgment.

¶ 13    Given our conclusion that the court erred by determining it lacked jurisdiction to enter orders regarding division of the parties' property, we are now left with a nonfinal order and must, therefore, dismiss Ms. Lai's appeal challenging the decree of invalidity.  A final judgment is "one that ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceedings."  *People in Interest of R.S. v. G.S.*, 2018 CO 31, ¶ 37 (quoting *People v. Guatney*, 214 P.3d 1049, 1051 (Colo. 2009)); *accord Baldwin v. Bright Mortg. Co.*, 757 P.2d 1072, 1073 (Colo. 1988).  Absent exceptions not applicable here, we have jurisdiction only over a district court's final judgment.  § 13-4-102(1), C.R.S. 2022; C.A.R. 1(a)(1); *Chavez*, ¶ 24; *Spiremedia*, ¶ 12; *see also Cyr v. Dist. Ct.*, 685 P.2d 769, 770 (Colo. 1984) (stating the "general rule" that "an entire case must be decided" to appeal a ruling).  If a judgment is not final, we must dismiss the appeal.  *See S.X.G.*, ¶¶ 11, 20; *see also Wilson v. Kennedy*, 2020 COA 122, ¶ 6 (providing that our appellate jurisdiction is conferred by statute and

we have no authority to expand our jurisdiction beyond that granted by the legislature).

¶ 14    Due to its erroneous jurisdictional finding, the district court hasn't issued a final judgment that fully resolves the dispute between Ms. Lai and Mr. Nguyen; the division of their property remains outstanding.  *See In re Marriage of Salby*, 126 P.3d 291, 295 (Colo. App. 2005) (holding that an order not resolving all issues between the parties can't be appealed until all final orders are entered).  Without a final order, we lack jurisdiction to review Ms. Lai's appeal of the decree invalidating the marriage.  *See Chavez,* ¶ 24; *Spiremedia,* ¶ 12.

¶ 15    While the parties undoubtedly desire a resolution on the propriety of the decree of invalidity at this time, they cannot consent to, or waive, our jurisdiction over the matter when jurisdiction does not exist.  *See Arevalo v. Colo. Dep't of Hum. Servs.,* 72 P.3d 436, 437 (Colo. App. 2003); *People v. Torkelson,* 971 P.2d 660, 661 (Colo. App. 1998).  Nor can we confer jurisdiction upon ourselves.  *Torkelson,* 971 P.2d at 661.  We therefore must dismiss without prejudice the balance of Ms. Lai's appeal.

### III.    Attorney Fees on Appeal

¶ 16    Mr. Nguyen requests an award of appellate attorney fees under section 13-17-102, C.R.S. 2022, arguing that Ms. Lai's appeal was frivolous.  We decline to award such fees.  *See In re Estate of Shimizu*, 2016 COA 163, ¶ 34.

### IV.    Conclusion

¶ 17    We reverse in part, concluding that the district court erred by determining that it lacked jurisdiction over the parties' property, and dismiss in part without prejudice as it relates to Ms. Lai's appeal of the decree invalidating the marriage because the decree, by itself, is not a final judgment.  Accordingly, we remand the case to the district court for further proceedings with the understanding that it has jurisdiction over the division of the parties' property. We, however, express no opinion as to whether the district court should or must divide the parties' property, as that issue isn't before us or ripe for our review.  *See, e.g., Tippett v. Johnson*, 742 P.2d 314, 315 (Colo. 1987) (appellate courts are not empowered to give advisory opinions).

JUDGE J. JONES and JUDGE SCHUTZ concur.